MONROE, J.
Plaintiff presented a petition to the district court, alleging that on April 27, 190S, he had purchased certain property at tax sale, and on the following day had received a deed therefor from the sheriff and ex officio tax collector, which deed was duly recorded in the office of the clerk and recorder on April 30, 1908; that the sale was made for unpaid taxes of 1907, assessed to L. R. Burnside, who resided and still resides upon the property, and who, *105 though aware of the sale, has never redeemed or offered to redeem said property and refuses to surrender possession of the same. Petitioner further alleges that he has paid the taxes on said property since his purchase and is entitled to be put in possession. Wherefore he prays that a writ of possession be issued and that he be put in possession. The tax deed was annexed to, and made part of, the petition, and the judge made an order directing the issuance of the writ of possession in accordance with the prayer, and the writ appears to have been issued and executed, to the extent, as shown by the sheriff’s return, that all the property therein described was seized on August 24, 1910. Thereafter, on August 25, 1910, defendant, through his attorney, applied for and obtained an order for a suspensive appeal, alleging that the judgment ordering the seizure is contrary to law and to the evidence adduced, and the appeal was returned to this court on October 4, 1910. We find in the transcript a motion by plaintiff to dismiss the appeal, which is not insisted upon. We also find an agreement, signed by counsel on both sides, to submit the case on June 6th on briefs to be filed within six days. The delay has elapsed, and counsel for plaintiff has filed a brief, but counsel for defendant has not done so.
The Constitution (article 233) makes the tax deed prima facie evidence of the validity of the sale; and Act 170 of 1898, § 66, reads:
“Upon presenting a certified copy of a sheriff’s tax deed to any judge of competent jurisdiction, to be determined by the value of the real estate therein contained, and not the amount of the taxes, the judge shall, in chambers, grant an order of seizure and possession, commanding the sheriff to seize said property and place the purchaser in actual possession thereof; and writs of possession shall be issued thereon by the clerk,” etc.
We find no error in the judgment appealed from, and it is affirmed.