(92 South. 124)

No. 24341.

PEOPLE'S BANK v. LEVY et al. (WEMP, Intervener).

(Jan. 3, 1921. By Division B. May 8, 1922.)

*(Syllabus by Editorial Staff.)*

Appeal and error ⏍781 (7)—Devolutive appeal dismissed, where premises have been surrendered and reversal would serve no purpose.

Where the only defense to a summary proceeding to evict tenants was that the lease had been extended and the ·only relief asked that the suit be dismissed, but after judgment defendants surrendered the property, a reversal would serve no purpose, and a devolutive appeal cannot afford any relief to defendants, and will be dismissed.

Appeal from Eleventh Judicial District Court, Parish of Natchitoches; W. T. Cunningham, Judge.

Proceedings by the People's Bank against Edgar Levy and others, in which W. P. Wemp intervened. Judgment against defendants, and they appeal. On motion to dismiss appeal. Appeal dismissed.

J. D. Rusca, of Natchitoches, for appellants.

Breazeale & Breazeale, of Natchitoches, for appellee.

Scarborough & Carver, of Natchitoches, for interveners.

By the WHOLE COURT as then constituted.

On Motion to Dismiss Appeal.

SOMMERVILLE, J. Intervener and appellee move to dismiss this appeal on the ground that the defendants and appellants have acquiesced in the judgment appealed from by voluntarily executing same.

The case is remanded to the district court for the purpose of taking testimony on the point as to whether or not the defendants and appellants have acquiesced in the judgment appealed from.

O'NIELL, J., dissents for the reason that the appeal taken in this case was only a devolutive appeal; and, as the appeal did not suspend execution of the judgment, which ordered defendant to surrender possession of leased premises within 24 hours, he was compelled to obey the decree.

By Division B, composed of Justices O'NIELL, LAND, and BAKER.

On Motion to Dismiss Appeal.

O'NIELL, J. This is a summary proceeding by a landlord to evict the tenants. The testimony taken in support of the motion to dismiss the appeal shows that, after the judgment was rendered, ordering defendants to vacate the leased premises, they surrendered the property to an intervener in the suit, sold her their furniture in the house, and paid her the rent for five days extra time; that is, from the expiration of the previous month to the date when they surrendered possession.

As a general rule, the right to take a devolutive appeal is not forfeited by a compliance with the judgment complained of. The reason is that a person who takes only a devolutive appeal from a judgment against him must submit to the execution of the judgment. But there are cases where a devolutive appeal cannot afford any relief to the appellant. This appeal presents such a case. The only defense to the suit was defendants' contention that the term of the lease had been extended. The only relief prayed for in defendants' answer to the suit was

that it should be dismissed. The alleged extension of the term has already expired. A reversal of the judgment appealed from would therefore serve no purpose. What has been done in compliance with the judgment, even if it had been done by the sheriff in execution of the judgment, would not be annulled by a reversal of the judgment on a devolutive appeal. Jefferson v. Gamm, 150 La. 372, 90 South. 682.

The appeal is dismissed.