## McQUERRY v. ARENT.

### No. 5225.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

Sholars & Gunby, of Monroe, for appellant.

Vinson M. Mouser, of Columbia, for appellee.

DREW, Judge.

J. H. McQuerry presented to the lower court, on December 17, 1934, a petition in which he prayed for a writ of seizure and possession to issue ordering the sheriff to seize certain property, purchased by G. E. Rogers at tax sale on September 1, 1931, for the delinquent taxes of 1930, owed by the then owner, Abe Arent. To the petition was attached the original deed made by the sheriff to G. E. Rogers, which did not properly describe the property purchased and pointed out by Rogers. There was also attached a correction deed from the sheriff to Rogers of date September 8, 1933, and a deed from Rogers to McQuerry of same date.

On this showing the lower court, on December 17, 1934, signed an order of seizure and possession and directed that the sheriff execute same. The sheriff's return on the writ is as follows: "Received this writ of possession in office on the 21st day of December, 1934, and made service of same by placing J. H. McQuerry in possession of the within described property on the 24th day of December, 1934. Served copy of the attached notice on the within named Abe Arent in person on the 3rd day of January, 1935, in the Parish of Caldwell, State of Louisiana."

There is interlined in ink above the words, "3rd day of January, 1935," the words, "in Ouachita Parish." On November 29, 1935, practically eleven months after the execution of the writ, Abe Arent presented a petition to the court praying for a devolutive appeal from the order authorizing the issuance of the writ of seizure and possession, which appeal was granted.

Act No. 170 of 1898, § 66, provides that the purchaser at tax sale may take actual possession of the property purchased without an order or writ of seizure and possession, with the consent or acquiescence of the tax debtor; provided no force or violence shall be used. The act also provides that, upon presentation to a judge of competent jurisdiction a certified copy of a tax deed, he shall in chambers grant an order of seizure and possession commanding the sheriff to seize and place the purchaser in actual possession of the property.

In the case of Pate v. Burnside, 129 La. 104, 55 So. 729, the court said that a tax deed is prima facie evidence of the validity of the sale, and, upon presentation of same to any judge of competent jurisdiction, the adjudicatee therein named is entitled to a writ of possession. The record here discloses that McQuerry went into possession of the property described in the correction deed and presumably has remained in possession since December 24, 1934. The record also discloses that Arent was given notice of said possession on January 3, 1935. He took this appeal on November 29, 1935. There is nothing in the record to show or indicate that McQuerry used any force or violence in obtaining possession, and, since no action was taken by Arent to dispossess him until recently, when, we are informed by counsel of both appellant and appellee, he instituted a possessory action, it is sure that he at least acquiesced in McQuerry's possession for many months.

If we should decide that the order of seizure and possession was improvidently issued by the lower court, which we would not have the authority to do under the decision of Pate v. Burnside, supra, it would not in any way change the situation of the parties. If McQuerry was not properly put into possession under the writ, he

is in possession, and there is nothing to indicate that any force or violence was used in obtaining possession. We are without authority in this proceeding to dispossess him. The many points raised by appellant as to the insufficiency of the evidence for the issuance of the writ involve in their entirety the validity of the tax deed, which is not before us at this time. Since the tax purchaser is in possession of the property under a tax deed, which is prima facie evidence of the validity of the sale, and this court being without power to dispossess him in this proceeding, and the validity of the tax deed not being before us, a decision in the case would be an idle and vain thing, and could not be of any benefit to either appellant or appellee.

The questions presented can therefore be truly termed as moot questions, and a proper decision is one of dismissal of the appeal at appellant's cost, and it is so ordered.