The plaintiff, Herbert H. Meyer, is the owner of a certain eight-apartment dwelling located on St. Charles Avenue in the City of New Orleans. The defendant, B.C. McClellan, was a tenant in the building occupying apartment "G" under verbal lease from month to month. On February 1, 1946, plaintiff, proceeding under the provisions of Section 2155 of the Revised Statutes, Dart's General Statutes, Section 6597, and part 1388.1181 of Chapter 11, Title 32, Code of Federal Regulations, passed by the Congress of the United States during the period of the recent War, brought a rule in the civil District Court for the eviction of the defendant on the ground that there was an immediate and compelling necessity that he, as owner, have possession of the apartment for his own use and occupancy.
Defendant, while admitting the relationship of landlord and tenant, that his lease was a verbal one from month to month and that he had been duly notified to vacate in accordance with local law, denied that there was a compelling necessity for plaintiff to recover possession of the premises and asserted that plaintiff was in bad faith.
After a trial in the lower court on these issues, the rule for possession was made absolute, defendant being ordered to vacate *Page 375 
the premises and deliver possession to plaintiff within twenty-four hours from the rendition of the judgment. The defendant appealed suspensively and devolutively to this court from the adverse decision.
Since the filing of the appeal here, the defendant has died. His succession has been opened in the Civil District Court, wherein his widow, Mrs. Pearl McClellan, and his daughter, Mrs. Elizabeth McClellan Humphrey, were appointed as co-executors under his will and, on motion of plaintiff, we granted an order substituting them as parties defendant before this court. Subsequently, Mrs. McClellan died and Mrs. Humphrey therefore remains as the sole defendant in the case. After the death of her mother and prior to the argument here, Mrs. Humphrey surrendered possession of the premises to plaintiff "without prejudice".
Because of the fact that possession has been surrendered to him, plaintiff has moved to dismiss the appeal on the ground that the case presents a moot question. Counsel for the executrix takes issue on this point, proclaiming that the case is not moot because the question of costs has not been determined and, further, that we must decide whether defendant's occupancy was wrongful in order that the succession's liability on the suspensive appeal bond be not foreclosed in the event plaintiff should later attempt to recover damages. No citations of authority were furnished by either counsel in support of their respective positions and, when the case was argued on this motion, it was our offhand impression that the surrender of the premises by the executrix did not effect an abandonment of the appeal or an acquiescence in the judgment below. However, after a careful study of the jurisprudence, we have become convinced that the appeal must be dismissed as the effect of the surrender of the premises by the executrix is such as to make the case moot.
The rule taken by plaintiff had only one object, i. e., the recovery of possession of the premises by eviction of the tenant. The judgment below, which makes the rule absolute, orders the defendant to vacate the property and deliver possession to the plaintiff. Under Section 2157 of the Revised Statutes, defendant was entitled to appeal suspensively from this judgment as he had filed a special defense supported by oath that all facts contained in his answer were true and entitled him to retain possession of the premises. He accordingly perfected a suspensive appeal by giving bond for all such damages as the appellee might sustain. But the subsequent surrender of the premises by the executrix had the effect of nullifying the ground upon which the suspensive appeal was secured and there is no judgment that could now be rendered which would undo what has already been done by her voluntary act.
[1] The pertinent part of Article 567 of the Code of Practice provides:
"The party against whom judgment has been rendered can not appeal:
"1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily."
The expression "executing it voluntarily" cannot mean anything else but paying the judgment or complying with the order. See concurring opinion of O'Niell, C. J., in Foster 
Glassell Co. v. Harrison, 173 La. 550, 138 So. 99. Therefore, where a tenant, who has appealed from a judgment commanding him to deliver possession of premises to his landlord, surrenders the premises during the pendency of the appeal, he must be regarded as having acquiesced in the decree.
[2] But counsel for the executrix maintain that this result has the practical effect of depriving the executrix of her right to contest the validity of the order below, insofar as defendant's alleged wrongful occupancy of the apartment is concerned, and that, if plaintiff subsequently seeks damages, under the suspensive appeal bond, the question of liability thereon will be foreclosed. It may well be that this result obtains, but this is a natural consequence of the voluntary act of the executrix. Her surrender of the premises can only be regarded as an admission on her part that she is not entitled to retain possession. This admission is wholly inconsistent with the allegation in defendant's special defense that he was entitled to retain *Page 376 
possession, which allegation was necessary in order for him to secure a suspensive appeal. If the executrix had been of the belief that the judgment appealed from was erroneous, she could have preserved all her rights by refusing to deliver possession to the plaintiff and, if the judgment had been reversed, the liability of defendant's succession on the suspensive appeal bond would have been cancelled. But it seems clear that the executrix must have felt that she did not wish to withhold possession from plaintiff and thereby incur the chance of greater damage which might result in the event the judgment appealed from was affirmed. In such circumstances, she cannot comply with the order of the court below and still prosecute her claim on appeal.
[3] Counsel further say that the surrender of the premises is not an acquiescence in the judgment because the question of costs of court will not be determined the answer to this contention is found in the fact that the order of the court below is indivisible. That order was in plaintiff's favor for possession of the premises which automatically carried with it a judgment for costs. The costs were merely an incident to the main object of the suit. It has been held on many occasions by the Supreme Court that, where a judgment is divisible, the acquiescence in one part thereof will not preclude an appeal from the other part. See Sanderson v. Frost, 198 La. 295,3 So.2d 626, and cases there cited. But those authorities are inapplicable here for the reason that the award for costs is inseparable from the principle decree.
Moreover, the Supreme Court has squarely held that surrender of the premises in a case of this kind operates as a full compliance with the judgment and that, under such circumstances, the appeal must be dismissed. In People's Bank v. Levy et al., 151 La. 583, 92 So. 124, plaintiff sought to evict its tenants and obtained a judgment therefor in the District Court. Defendants appealed devolutively and, during the pendency of the appeal, surrendered the property to an intervenor in the suit. After the surrender of the premises, plaintiff moved to dismiss the appeal. In sustaining this motion, the Court said:
"As a general rule, the right to take a devolutive appeal is not forfeited by a compliance with the judgment complained of. The reason is that a person who takes only a devolutive appeal from a judgment against him must submit to the execution of the judgment. But there are cases where a devolutive appeal cannot afford any relief to the appellant. This appeal presents such a case. The only defense to the suit was defendants' contention that the term of the lease had been extended. The only relief prayed for in defendants' answer to the suit was that it should be dismissed. The alleged extension of the term has already expired. A reversal of the judgment appealed from would therefore serve no purpose. What has been done in compliance with the judgment, even if it had been done by the sheriff in execution of the judgment, would not be annulled by a reversal of the judgment on a devolutive appeal. Jefferson v. Gamm,150 La. 372, 90 So. 682."
[4] The sole relief asked by defendant here is that plaintiff's suit be dismissed and the only ground upon which defendant claimed to be entitled to retain possession of the premises was that plaintiff had failed to prove his good faith or that there was an immediate compelling necessity that he be given possession. The voluntary surrender of the premises by the executrix, subsequent to the taking of the appeal, precludes all further consideration of her right to retain possession and all issues previously tendered respecting the validity of plaintiff's claim are now moot.
The appeal is therefore dismissed.
Appeal dismissed. *Page 377