Lot No. 13 of the Williamson Addition to the City of Alexandria, Louisiana, under an assessment in the name of Clorinda Holmes, was in the year 1931 adjudicated to the State for due and delinquent taxes by the Sheriff and Tax Collector of Rapides Parish. *Page 126 
Acting under a commission from the Register of the State Land Office, dated April 2, 1948, said Sheriff and Tax Collector, in accordance with the provisions of Act No. 237 of 1924, as amended by Act No. 296 of 1944, advertised said property for sale at public auction for more than thirty days. The sale took place on May 15th and William Iles, plaintiff herein, a resident of said parish, being the last and highest bidder, the advertised property was adjudicated to him for $875.00 cash. A process verbal reciting the acts performed by him in effecting the sale, was prepared and signed by the Sheriff. Inter alia, he declared therein that he did "sell and transfer * * * said property to the said William Iles and all the right and title which the said State of Louisiana had in or to" the same.
On June 15, 1948, William Iles presented to one of the judges of the Ninth District Court a petition, to which was attached and made part thereof, a certified copy of the process verbal and transfer to him by the Sheriff, above mentioned, which is denominated a "tax sale", wherein he alleged that Estelle Bookman is in possession of said property and has refused to vacate same after repeated demands upon her to do so. He further alleged that in accordance with the provisions of Act No. 170 of 1898, § 66, "upon the presentation of the tax deed the judge * * * is directed to grant, in chambers, an order of seizure and possession, commanding the Sheriff of Rapides Parish to seize the property and place petitioner, as the purchaser thereof, in the actual possession of same."
The judge, to whom said petition was presented, ordered, ex parte, that a writ of seizure and possession issue by the Clerk of the Court, directed to the Sheriff of said parish, commanding him to seize the property and place petitioner in actual possession thereof.
Before said writ was executed Estelle Bookman procured an order of the Court, directed to Iles and the Sheriff, wherein each was ruled to show cause why the "order of seizure and possession" should not be "rescinded, recalled and set aside" on a date fixed by the Court.
In her petition for the rule, Estelle Bookman alleged that she acquired an interest in said property by inheritance from Clorinda Holmes, whose succession was opened in said Court under No. 3717 on the probate docket thereof, and that she is now in possession of the property. She additionally alleged that the writ improvidently issued because patent from the State to Iles had not issued as required by Section 4 of Act No. 237 of 1924, and for this reason he was without title to the State's rights in and to said property. She also charged that said writ improvidently issued: "for the reason that the act under which this plaintiff proceeded relates to tax deeds of property sold for unpaid taxes, while in the instant case the property was purchased from the State of Louisiana and Act 178 [170] of 1898 (Dart's 8493) is not applicable."
Iles excepted to the petition of Estelle Bookman, hereinafter called plaintiff in rule, and moved the Court to strike same from the record for the following reasons, to-wit:
That it did not express or set forth a right or cause of action; that the order of the Court under which said writ issued is final and definitive and for this reason its legality may only be tested by appeal; that whatever interest Estelle Bookman may have or is conceived by her to have in said property may only be asserted by direct action; that the "tax deed" annexed to plaintiff's original petition, as a basis for the issuance of said writ, is prima facie valid under the provisions of Section 11 of Article 10, of the Constitution of 1921; that said Estelle Bookman is without interest to question the validity of the adjudication by the State, through said Sheriff and Tax Collector, to Iles.
Trial of rule resulted in judgment for the defendant therein, the specific ruling being that "the exceptions of no right and cause of action and motion to strike" be sustained. The rule was dismissed. The writ of seizure and possession was maintained and recognized to be in full force and effect.
Plaintiff in rule appealed suspensively and devolutively. Defendant in rule *Page 127 
filed motion in this court to dismiss the suspensive appeal on the ground that the same was perfected after the expiration of the time prescribed by law. It is conceded in brief of defendant in rule that since this motion was not heard in advance of hearing on the merits, the issue raised therein is virtually moot as the devolutive appeal is in effect and will remain so until the case is finally disposed of here. This being true, we see no good reason for passing upon the question tendered by the motion to dismiss.
The primary question raised by the exceptions to the rule has to do with procedure. Since the record discloses that Estelle Bookman is in possession of the property and asserts a proprietary interest therein, she would have had the right to appeal from the order of the court directing the issuance of the writ of seizure and possession. Code of Practice, Article 571.
Defendant in rule argues that appeal was the only course open to Estelle Bookman if she would assail the legality of the issuance of said order; that the order was definitive in character, partook of the nature of a judgment, and appeal therefrom by anyone aggrieved by the order was the exclusive remedy open to them. He does not deny the right of such a person, by direct action, to question or attack the validity of the tax sale to the state on any pertinent ground of nullity, as was done in Westwego Canal Terminal Company v. Pitre et al., 195 La. 107, 196 So. 36; but challenges the right of plaintiff in rule to do indirectly that which she allegedly is forbidden to do directly, to-wit: attack the legality of the order in the court of its issuance, by rule designed to prohibit the execution of said order.
We have been referred to no case in which this exact question has been tendered or discussed, nor have we found such a case. In the two cases that reached the Supreme Court, wherein writs of seizure and possession were involved, suspensive appeals were taken from the orders of the court that directed the issuance of the writ. See: Pate v. Burnside, 129 La. 104, 55 So. 729; Zahn v. Unknown Owners, 154 La. 776, 98 So. 184, 185.
In these two cases the right to appeal suspensively does not appear to have been questioned. In the Zahn case, the court said:
"The question also whether the evidence before the lower court was such as is required by section 66 of Act 170 of 1898 as a basis for the issuance of the writ of possession is a matter affecting the merits, to be decided after hearing the case on appeal.
* * * * * *
"The question presented to us is not whether a suspensive appeal can be taken in this case; it has already been taken."
The reports do not disclose that the Supreme Court decided the case on original appeal.
The situation presented in a case of the character before us is not unlike that which arises from an order of executory process.
Counsel of the plaintiff in rule has not argued nor briefed this question of procedure. Generally, such attitude toward an important issue in a case is construed to indicate lack of faith on the part of the litigant who so acts.
We are of the opinion that the lower court correctly ruled, and for the reasons herein assigned, the judgment from which appealed is affirmed. Plaintiff in rule is cast for all court costs.
TALIAFERRO, KENNON and HARDY, JJ., sitting. *Page 128