JANVIER, Judge.
Plaintiff, George H. Creath, brought this suit under Act No. 298 of 1938, commonly known as the Sharecroppers Act, R.S. 13:4911-4917. Pie alleged that on February 14th, .1950, by notarial act, he purchased from Mrs. Jeanne Maleig, widow of Etienne J. Bounin, á certain lot of ground in New Orleans, described as follows: “A certain lot ’of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, advantages and prescriptions thereunto belonging, or in anywise appertaining, situated in the Third District of the City of' New Orleans in Square No. 1498, bounded by Frenchman, Hope and Law Streets, and Elysian Fields Avenue, designated as Lot No. 4, commencing Ninety-five feet, ten inches, seven lines (95TO"7’") from the corner of Frenchman and Law Streets, and measuring Thirty-one feet, eleven inches, five lines (31'11"5"') front on Frenchman Street, by a depth of One Hundred six feet, six inches, seven lines (106'6"7'") between equal and parallel lines.”
He alleged also that the sale from Mrs. Bounin was duly registered in the office of the Register of Conveyances for the Parish of Orleans in Book 569, at folio 124. He then alleged that defendant, Albert Baldo, without title and without permission “from any owners,” “took possession of the hereinabove described land, and is using same and is presently occupying and trespassing upon said landed estate and/or vacant lot, and has illegal possession of same,”
He alleged also that he gave all necessary notice as required by Act No. 298 of 1938 demanding that Baldo “vacate and deliver” the said property but that Baldo refused to do so, and he prayed that Baldo be duly cited to appear and answer and, after due proceedings had, he be ordered to vacate the property and surrender it to plaintiff. '
Defendant, Baldo, filed exceptions of no cause of action and no right of action and an answer in which he averred that on October '29th, 1935, Mrs. E. J. Bounin purported to sell the property in question to him in a document “fully written out, dated and signed by the said Mrs. *774 Bounin,” and he averred also that this document was placed of record in the office of the Register of Conveyances for the Parish of Orleans in Book 491, at folio 620, on January 21st, 1937.
He also averred that though in the document referred to no sale price was set forth, it was well understood that the sale price would he $650.00. He made additional averments to the effect that it was well understood that Mrs. Bounin, at some time in the future, would execute a title to him in proper form.
There was judgment in favor of plaintiff as prayed for, condemning the defendant to deliver the property, and defendant has appealed.
The record contains a duly certified copy of the act of sale from Mrs. Bounin to plaintiff and contains proof that all necessary notices were given to defendant in accordance with the statute under which this suit is brought. The record also contains a photostatic copy of a certificate of the Register of Conveyances for the Parish of Orleans which shows the registration of the sale of the property from Mrs. Bounin to plaintiff and which fails to show any registration of any document purporting to evidence any right in the defendant Baldo.
Baldo, the defendant, was placed on the witness stand and failed to substantiate his contention by the production of any purported document by which he purchased the property or by which Mrs. Bounin agreed to sell him the property, and he failed to produce any proof of registration of any such document in the office of the Register of Conveyances. In other words, plaintiff has proved all the allegations of his petition and defendant has not proved any of his averments. He has utterly failed to substantiate any claim to any interest in the property for any reason whatever and has completely failed to show any right in himself to occupy the property.
Counsel for defendant Baldo did not file a brief in this Court and when the case was called for argument, he sent a representative to state that he would submit the matter on the record and without oral argument.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.