McBRIDE, Judge.
The City of New Orleans filed a rule -under LSA-R.S. 13:4911 et seq., Sharecroppers Act, seeking possession of a tri.angular-shaped portion of property in Square 319, First Assessment District, 'bearing' the Municipal No. 1701 Loyola Street. After alleging ownership of the property, the city averred that the defendant, James M. Folkman, occupies the same other than as a tenant or lessee and “actually has become a trespasser” notwithstanding that he was duly notified' to vacate the premises. The matter Was summarily fixed for hearing, and the usual rule to show cause was served upon the defendant. Folkman interposed exceptions, one -of which was nonjoinder of parties defendant, the latter exception ■ being maintained, the judge ordering the city to make Folkman, in-his capacity of administrator of the succession of his wife, Mrs. Carrie Becker Folkman, a party defendant. The rule was supplemented and amended in accordance with the court’s order, whereupon Folk-man, as administrator, interposed certain other exceptions. On the same day, Folk-man filed his answer denying the .allegations of the. rule and pleading that the city is estopped, on grounds not necessary to- detail here, from bringing the action for possession- of the property. After a hearing, there was judgment decreeing the City of New .Orleans to be the owner of the property; the rule was made absolute and Folk-man was ordered to surrender possession of the premises within twenty-four hours. The matter is before us on Folkman’s de-volutive appeal from the judgment.
It is conceded that Folkman has moved from the premises and that the City of. New Orleans is in full possession, and in a case of this kind appellant’s- surrender of the premises amounts to a full compliance with and acquiescence in the judgment. , The sole relief prayed for by defendant and asked for here is that plaintiff’s rule be dismissed. The voluntary surrender of the premises by defendant precludes all further consideration of his right to retain possession and all issues tendéred respecting the validity of plaintiff’s claim to possession are now moot. If we were to decide that the judgment was improvidently rendered by the lower court, the present situation of the parties would not be altered. Even if it be assumed that.the City of New Orleans was not properly sent into possession by the judgment, it is nevertheless in possession and we have not the authority to dispossess it ánd restore Folkman to possession. Any decision of ours respecting *598 the right of possession would amount to a vain and idle thing which could not benefit, in the least, either of the parties. See People’s Bank v. Levy, 151 La. 583, 92 So. 124; Jefferson v. Gamm, 150 La. 372, 90 So. 682; Meyer v. McClellan, La.App., 26 So.2d 373; McQuerry v. Arent, La.App., 167 So. 462. We might say in passing that one of the exceptions filed by defendant raises the question whether the rule for possession was properly brought under the Sharecroppers Act; we are constrained to mention here that LSA-R.S. 33:2861-2865 outlines a proceeding which may be taken by a municipality to obtain possession of property adjudicated to it at tax sale.
However, that part of the judgment which decrees the City of New Orleans to be the owner of the property should and must be set aside, as there is nothing in the rule which warrants such a decree. True, when Folkman denied ownership in the city, that incidentally made it incumbent upon the city to show ownership in order to be successful in the rule. Wooten v. Jones, 205 La. 956, 18 So.2d 581; Creath v. Baldo, La.App., 49 So.2d 773; Ryan v. Barthelmy, La.App., 32 So.2d 467. In support of its claim of ownership, the city produced two tax deeds which were offered in evidence and which are prima facie evidence of the validity of the sales. Stone v. Kimball’s Heirs, 199 La. 240, 5 So.2d 758. However, this did not call for a decree declaring that the property belonged to the City of New Orleans, as the summary demand was merely for a judgment of possession and not for a decree of ownership. The judgment insofar as it decrees the City of New Orleans to be the owner of the property is ultra petitionem and is therefore null, void, and of no effect. Succession of Markham, 180 La. 211, 156 So. 225; Albert Hanson Lumber Co. v. Mestayer, 130 La. 688, 58 So. 511.
That portion of the judgment appealed from which decrees the City of New Orleans to be the owner of the property is annulled, avoided, and set aside; and as the question of the validity of plaintiff’s claim to possession is moot, the appeal insofar as that issue is concerned is dismissed; defendant-appellant is to bear the costs of this court.
Reversed in part; appeal dismissed in part.