JANVIER, Judge.
This is an eviction proceeding in which the owner of a large office building sought to evict a tenant.
From a judgment making the rule absolute and ordering the tenant to vacate the leased premises the tenant appealed.
When the matter came before us counsel for both parties appeared and stated that the tenant had vacated the premises and counsel for appellant argued that, for this reason, there was nothing for us to consider and that, therefore, the appeal should be dismissed.
Counsel for the owner argued that we should hear the matter, since the owner was entitled to damages as the result of a clause in the lease which provided for liquidated damages should the plaintiff fail to vacate the premises when required to do so in accordance with the provisions of the lease.
If the plaintiff is entitled to recover damages as a result of that clause in the lease, it must resort to some other proceeding to collect those damages. In this proceeding all that was involved was the question of whether or not the tenant could be compelled to vacate. Since the tenant was ordered to vacate and has vacated, there is nothing for us to consider. The question is moot.
The appeal is dismissed at the cost of appellant.
Appeal dismissed.