CHASEZ, Judge.
This is a motion to dismiss an appeal on the grounds that the issues are moot and that the defendant-appellant has acquiesced in the judgment. Plaintiff leased defendant certain premises at the rate of $750 a month for a period of five years, from October 1, 1963 to September 20, 1968. The lease provided, inter alia:
“At the expiration of this lease, or its termination for other causes, Lessee is obligated to immediately surrender possession, and should Lessee fail to do so, he consents to pay any and all damages, but in no case less than five times the rent per day, with attorney’s fees, costs, etc.”
On December 17, 1965, plaintiff obtained a judgment ordering defendant to vacate the leased premises within twenty-four hours for nonpayment of rent. From this judgment defendant took a devolutive appeal. After the rendition of the judgment, defendant notified plaintiff of his intention to take a devolutive appeal because the cost of a suspensive appeal would be “prohibitive” and of his intention to vacate the premises. He offered an alternative plan according to which he could occupy the premises on a month-to-month basis, pending a final adjudication, but this was rejected. Defendant subsequently vacated the premises and plaintiff now contends that by doing so he acquiesced in the judgment, citing City of New Orleans v. Folkman, La.App., 71 So.2d 596 and Meyer v. McClellan, La.App., 26 So.2d 373, both of which are distinguishable from the instant case. In the cited cases, the courts concluded that they were powerless to restore possession of the premises to defendants, while in the instant case, if the defendant should prevail he could occupy the premises until his lease expired September 30, 1968.
In the Folkman case, the City of New Orleans obtained a judgment ordering an alleged trespasser to vacate a certain piece of property, which he did; the City subsequently occupying it. Because of the factual situation, the Court concluded that it did not have the authority to restore pos *757 session to the defendant trespasser no matter what its findings on appeal might have been, the Court declaring: “Any decision of ours respecting the right of possession would amount to a vain and idle thing which could not benefit, in the least, either of the parties.”
In the Meyer case, the tenant took a sus-pensive appeal after the eviction order and died after the appeal had been lodged; thereupon the executrix of his estate surrendered possession of the premises. Admittedly this action could be interpreted as acquiescence in the judgment because the executrix was not obliged to vacate pending a suspensive appeal. Moreover, because the lease was a verbal one on a month-to-month basis and the tenant had died, the issue of possession was indeed moot.
In both the Folkman and Meyer cases, the courts relied on the Louisiana Supreme Court decision, People’s Bank v. Levy, 151 La. 583, 92 So. 124, in which the tenants claimed a right to possession under an alleged extension of the lease, which extension had already expired. The court made it clear that it was only dismissing the appeal because it could give no relief, not because the tenants had surrendered possession. It declared:
“As a general rule, the right to take a devolutive appeal is not forfeited by a compliance with the judgment complained of. The reason is that a person who takes only a devolutive appeal from a judgment against him must submit to the execution of the judgment. But there are cases where a devolutive appeal cannot afford any relief to the appellant. This appeal presents such a case. The only defense to the suit was defendants’ contention that the term of the lease had been extended. The only relief prayed for in defendants’ answer to the suit was that it should be dismissed. The alleged extension of the term has already expired. A reversal of the judgment appealed from would therefore serve no purpose. What has been done in compliance with the judgment, even if it had been done by the sheriff in execution of the judgment, would not be annulled by a reversal of the judgment on a devolutive appeal. Jefferson v. Gamm, 150 La. 372, 90 South. 682.” (Emphasis added.)
In the instant case because this court can grant relief to the defendant, whose lease has not expired, this issue is not moot. Nor can it be said that defendant voluntarily acquiesced in the judgment. Not only was he ordered to vacate the premises, but he faced a possible penalty of five times the $750 per month rent if he did not surrender possession. Therefore, for the above reasons, the motion to dismiss is denied.
Motion denied.