HALL, Judge.
Plaintiff, owner of certain commercial premises in the City of New Orleans, filed a rule against defendant, his tenant, for possession of the premises. Judgment was rendered in plaintiff’s favor and defendant appealed devolutively. Plaintiff filed a motion to dismiss the appeal which was denied. (See 183 So.2d 756).
The lease involved herein was a written lease wherein plaintiff leased the premises to defendant for a period of five years •commencing October 1, 1963 for a monthly rental of $750.00 payable in advance on the first of each month. Defendant failed to pay the rent for the month of November 1965 which was due on November 1st according to the terms of the lease. On November 16, 1965 plaintiff gave defend.ant written notice of cancellation of the lease for non-payment of rent and on December 7, 1965 filed this suit for pos.•session of the premises.
The issues are:
1) Whether plaintiff, by accepting over a •period of time rental payments long after -their due dates, is estopped to claim a breach of the lease for non-payment of the ■rent for November 1965 promptly on its due •date as fixed in the lease.
2) What is the effect of the parties’ omission to insert a figure in the blank space provided in the following clause of rthe printed lease, viz.:
“Should the Lessee at any time violate any of the conditions of this lease * * or fail to pay the rent * * * punctually at maturity, as stipulated * * * and should such violation continue for a period of _ days after written notice has been given Lessee, then * * Lessor shall have the * * * option to * * * immediately cancel this lease * * * without putting Lessee in default * * * ”
The testimony and the written evidence, consisting of defendant’s cancelled checks, show that each month from January 1964 to October 1965 defendant’s rental payments were made from 18 to 30 days late. Defendant testified that the late payments were always accepted by plaintiff without protest, but this is vigorously denied by plaintiff and Mrs. Mildred Hebert, plaintiff’s secretary. Their testimony is to the effect that defendant’s late payments were constantly protested. Mrs. Hebert testified that repeated telephone calls to plaintiff commencing about the third of each month had not been successful in effecting payment until later in the month. The testimony also shows that frequently when a check for a month’s rent was finally forthcoming it was accompanied by a request from defendant not to cash it for a few days because he did not have the funds to cover it. Several of the checks were returned by the bank “N.S.F.”. Defendant’s checks in payment of rent for the months of July, August and September, 1965, were all returned by the bank stamped “N.S.F.”.
Mrs. Hebert telephoned defendant several times during October 1965 seeking to collect the October rent but defendant told her he hadn’t sent a check because if he did it would be “N.S.F.”. Finally, on October 30th defendant delivered a check to plaintiff in payment of the rent which was due October 1st, but accompanied it with the request that it be held and not cashed for several days because he did not have the funds to cover it.
On the morning of November 1st, 1965 Mrs. Hebert called plaintiff and requested payment of the November rent at once, and that same afternoon plaintiff sent de *632 fendant a telegram reading as follows: “Must have check for November rent at once.” Defendant received the telegram between 2:30 and 3:00 o’clock that afternoon.
Defendant made no effort whatever to pay the November rent and on November 16th plaintiff’s attorney wrote a letter to defendant advising him that plaintiff “desires to exercise his option in accordance with the terms of the lease for immediate cancellation and you are therefore notified that the lease is herewith terminated at once.”
Defendant received this letter on November 17th. After receipt of this letter defendant tendered to plaintiff a certified check in payment of the November rent which plaintiff refused. Plaintiff filed this suit for possession of the premises on December 7, 1965.
Defendant argues that he was lulled into a false sense of security by a continued pattern of conduct on the part of the owner in accepting the late rental payments, and that the telegram of November 1st was not sufficient notice that plaintiff intended thereafter to hold him to a strict compliance with the terms of the lease.
The evidence adduced at the trial convinces us that plaintiff never acquiesced in the late payments made by defendant, and that he accepted the late payments simply because he was unable to enforce prompt payment despite considerable effort. It was “an unwilling and forced indulgence on his part.” The evidence also convinces us that defendant’s delay in paying the rent was not because he had been lulled into a false sense of security but because he was simply unable to pay on time.
“ * * * if the landlord accepts the rent money tardily tendered, not because he voluntarily agrees to the extension, but merely ‘because of an unwilling and a forced indulgence on his part,’ the doctrine that the written contract may be altered by custom is totally inapplicable.” Maestri v. Nall, La.App., 145 So. 129; See also Briede v. Babst, 131 La. 159, 59 So. 106; Rex Credit Co., Inc. v. Kirsch, 4 So.2d 797, 799.
“The lessee may be expelled from the property if he fails to pay the rent when it becomes due.” LSA-C.C. Art. 2712.
Defendant contends that the neglect to insert a specific number of days in the blank space in the lease clause quoted supra has the effect of making the clause uncertain and ambiguous, and that the uncertainty must be construed in favor of the lessee. But nowhere does defendant inform us what he considers the effect of this omission is. Certainly he cannot mean that the landlord can never evict for non-payment of rent because the blank space was not filled in.
What number of days should elapse after the landlord gives the required notice before he becomes entitled to exercise his option to cancel the lease ? Plaintiff argues that inasmuch as no number of days delay is provided for termination of the lease following non-payment of rent, defendant is not justified in assuming that he was meant to be given any days delay at all, since the right to evict for non-payment of rent is a peremptory right given the landlord by LSA-C.C. 2712, and in the absence of a specific delay stated in the lease, the tenant has no right to assume that any delay is permitted. But this argument is negatived by the fact that none of the provisions of the clause were stricken out.
Construing the clause in a manner most favorable to the tenant we are of the opinion that after being notified of a lease violation the tenant should be given a reasonable delay within which to correct the same before the landlord would have the right to terminate the lease.
Plaintiff’s telegram of November 1st, 1965 was a written demand for the immediate payment of the rent due for November. It in effect called defendant’s *633 attention to the fact that the rent became due on that date under the terms of the lease and that failure to pay “at once” would constitute a violation of the lease. Defendant’s violation of the terms of the lease continued for a period of fifteen days before plaintiff on November 16th gave notice of termination of the lease. Certainly fifteen days notice constituted a reasonable delay.
For the foregoing reasons the judgment appealed from is affirmed; costs of this appeal to be borne by defendant-appellant.
Affirmed.