ON MOTION TO DISMISS

GULOTTA, Judge.
Plaintiff lessor filed in this court an original and supplemental rule to dismiss the appeal of an evicted sublessee. The basis of the original motion to dismiss is that sublessee failed to timely post a sufficient bond. According to lessor, this matter is solely and entirely an eviction proceeding and requires the evicted lessee to file a suspensive appeal and appeal bond within 24 hours from the rendition of the judgment. Furthermore, lessor contends that the lessee has voluntarily surrendered the premises and the keys to lessor and has, therefore, acquiesced in the judgment. Mover lessor relies on the case of Meyer v. McClellan, 26 So.2d 373 (La.App., Orl. 1946).
In the supplemental and amended motion to dismiss, lessor asserts that the lease upon which lessee claims the right of occupancy will terminate on September 20, 1975, and the hearing on the appeal is docketed in this court on November 3, 1975. According to lessor, by the time this matter is heard (if heard when docketed), the matter will become moot.
We deny both lessor’s original and supplemental motions to dismiss the appeal. While it is true that lessee in his response to the motion to dismiss acknowledged that he did not timely file a suspensive appeal bond in the amount required,[1] nevertheless, the record in its present posture indicates that lessee has timely met the bond requirements for the filing of a suspensive and devolutive appeal. In Goldblum v. Harden, 183 So.2d 756 (La.App., 4th Cir. 1966), lessee perfected a devolutive appeal only. In Goldblum, we held that where a lessor obtained a judgment ordering lessee to vacate leased premises and lessee perfected a devolutive appeal, he (lessee) did not acquiesce in the judgment by vacating the premises, and the appeal was viable, where the term of the lease had not expired. If the principle enunciated in Gold-blum is applicable to a case where a devol-utive appeal was taken (as LSA-C.C.P. art. 4735 apparently contemplates), it is likewise applicable in cases where a sus-pensive appeal was apparently perfected. Accordingly, we find no merit to the original motion to dismiss:
We find no merit, further, in the supplemental and amended motion to dismiss filed by lessor. The term of the lease will expire September 20, 1975. A motion to dismiss based on a claim that the appeal becomes moot since the hearing date in this court is November 3, 1975, is clearly premature. Furthermore, other questions besides that of entitlement to possession may remain at issue, such as entitlement to damages. For the above and foregoing reasons, the original and supplemental motions to dismiss are denied.

Motions denied.

. Although the record indicates that a timely suspensive and devolutive appeal bond in the sum of $5,000.00 was posted, sublessee, in brief, states that he “could not make the sus-pensive appeal bond demanded . . . ”