SAMUEL, Judge.
This appeal from a judgment of eviction was taken by one of the named defendants, James G. Salles, an alleged tenant by sublease of the ground floor of the building in suit. After the judgment was rendered appellant voluntarily departed the premises, reserving to himself the right to contest the appellee-owner’s possession and to seek damages. Appellant’s sole defense to the eviction proceeding was and is an alleged right of occupancy based on the written sublease, the term of which expired on September 30, 1975.
Prior to July, 1975 appellee had filed motions to dismiss this appeal on the grounds of acquiescence and mootness. We denied those motions on July 8, 1975.[1] Insofar as concerns the claim that the matter would become moot prior to November 3, 1975, the date it was posted for argument in this court, we held the motions were premature in that the appeal was viable because the term of the sublease had not expired and therefore there remained a possibility that the appellant could be restored to possession if successful on appeal prior to such expiration.[2] We now find it necessary to dismiss the appeal because the matter has become moot at this time.
When an appeal from a judgment of eviction is based upon the right of possession under a lease, or an extension thereof, which has terminated by its own terms, the question presented is moot and the appeal must be dismissed. In People’s Bank v. Levy,[3] which dismissed as moot an appeal from a judgment of eviction, the court stated the matter as follows:
“The only defense to the suit was defendants’ contention that the term of the lease had been extended. The only relief prayed for in defendants’ answer to the suit was that it should be dismissed. The alleged extension of the term has already expired. A reversal of the judgment appealed from would therefore serve no purpose.”
In the instant case, dismissal of the eviction suit was the only relief prayed for in appellant’s answer to plaintiff’s petition. The sole question thus presented was whether the appellant should be evicted or allowed to remain in possession. Possession of the premises in suit also is the sole issue presented in this court. As the sublease upon which appellant bases his claim to possession has expired by its own terms, any change in the trial court judgment by this court would serve no purpose. Appellant cannot now be placed in possession and, consequently, this appeal must be dismissed as moot. Although some claim for damages might survive the expiration of the sublease in suit, no such claim is before us at this time.
For the reasons assigned, the appeal in this matter is dismissed; all costs in this court are to be paid by the appellant.

Appeal dismissed.

. Herman v. Style Line Greetings, Inc., La.App., 315 So.2d 903.

. At that time it was possible the appeal could be argued, submitted and decided prior to September 30, 1975. However, there was no motion to advance the case on our docket and it was heard in its regular posted order on November 3, 1975.

. 151 La. 583, 92 So. 124; also see Goldblum v. Harden, La.App., 183 So.2d 756; Barcom, Inc. v. Doll, La.App., 119 So.2d 544.