SAMUEL, Judge.
The defendant appeals from a judgment evicting her from certain business premises in the City of New Orleans.
Possession of the premises is the sole issue presented in this court. Both litigants have informed us the leased premises were totally destroyed by fire during the penden-cy of this appeal.
Appellant was occupying the premises under a written lease for a term beginning June 1,1975 and ending May 31,1977. The lease contained a provision to the effect that the lease terminated if the premises were destroyed beyond repair by fire or other casualty. Thus, if the lease is viable and defendant had a right of occupancy thereunder, she no longer has such right because the lease has come to an end.
There is some question concerning the viability of the lease because of the fact that the plaintiff appears to be a new owner who purchased the property prior to the registration of the lease. However, this does not change the fact that whatever right of occupancy the defendant may have had was lost by the admitted total destruction of the premises. When there is no lease agreement to the contrary Civil Code Article 2728 and Civil Code Article 2697, the latter here in pertinent part, are applicable. They provide:
“It [the lease] is also dissolved by the loss of the thing leased.” LSA-C.C. Art. 2728. “If, during the lease, the thing be totally destroyed by an unforseen [unforeseen] event, or it be taken for a purpose of public utility, the lease is at an end.” LSA-C.C. Art. 2697.
Thus, as appellant no longer has any right of occupancy and therefore cannot now be placed in possession, any change in the trial court judgment would serve no purpose nor have any practical legal effect. Accordingly, the appeal must be dismissed as moot.[1] While some claim for damages may survive termination of the lease in suit, no such claim is presented to us by this appeal.
For the reasons assigned, the appeal in this matter is dismissed; all costs in this court are to be paid by the appellant.

APPEAL DISMISSED.

. Elliott v. Di Mari Corporation, No. 7586 of our docket, handed down this day; Herman v. Style Line Greetings, Inc., 325 So.2d 371. See also People’s Bank v. Levy, 151 La. 583, 92 So. 124; Lemann v. Kogos, La.App., 273 So.2d 63; Barcom, Inc. v. Doll, La.App., 119 So.2d 544; Welsh v. Richardson, La.App., 94 So.2d 457.