SAMUEL, Judge.
Plaintiff filed this summary eviction proceeding against the defendant to have her removed from an apartment in the Lower Pontalba Building which she leased from the museum under a written lease providing for monthly rental payments of $360.
On December 15, 1976, plaintiff caused a notice to vacate to be served on defendant through the Constable of the First City Court of the City of New Orleans. This notice was served on December 16, 1976. The notice demanded defendant deliver the leased premises to plaintiff "at the expiration of your current rental month, December 31,1976 . . . No reason was set forth in the notice for the eviction.
On January 3, 1977, plaintiff filed a rule to show cause why defendant should not deliver the premises to it or be evicted. Plaintiff’s rule alleged the defendant occupied the leased premises “under a monthly verbal lease of over $100.00 per month,” and further alleged no rent was claimed. Defendant answered, denied she occupied the premises on a monthly verbal lease, admitted no rent was claimed by plaintiff, alleged plaintiff did not comply with notice requirements of the Louisiana Civil Code and Code of Civil Procedure, and alleged the due date for monthly rental payments was tacitly altered by plaintiff’s previous acceptance of late rental payments.
Following trial, there was judgment dismissing plaintiff’s suit. The trial court gave the following reasons for judgment at the request of plaintiff’s attorney:
“The Court is of the opinion that improper notice was given due to the fact that the defendant or tenant had a written lease, and the Court is of the further opinion that before a Rule for Possession is in order, that a petition to cancel the lease should have been filed first.”
Plaintiff has appealed and defendant has answered the appeal. However, we cannot consider the answer to the appeal because the same was not timely filed.[1]
The written lease between the litigants was introduced into evidence prior to dismissal of plaintiff’s rule. It was for a term of one year, commencing September 1, 1976 and ending August 31, 1977, and thus was in effect at all times during the proceedings in the trial court. It provides in pertinent part as follows:
“Should the Lessee fail to pay the rent or any other charges arising under this lease promptly as stipulated . . . Lessee shall be ipso facto in default . In the event of any such default, Lessor retains the option to cancel the lease and obtain possession of the premises by giving Lessee written notice to vacate the premises in accordance with the provisions of Articles 4701-4705 of the Louisiana Code of Civil Procedure.”
In addition, the lease also allows eviction if the lessee discontinues use of the premises for residential purposes or fails to maintain a behavioral standard consistent with orderly possession of the premises, provided such violations are not stopped after five days written notice or again occur at a later date after such notice is given.
*1276 While statements are made in plaintiffs brief that defendant was evicted for nonpayment of rent, the grounds for the eviction do not appear in either the notice to vacate or in the rule for eviction. On the contrary, the rule for eviction incorrectly states defendant occupied the premises under a monthly verbal lease and further states no rent was claimed by plaintiff.
Article 4701 of the Louisiana Code of Civil Procedure provides as follows:
“When a lessee’s right of occupancy has ceased because of the termination of the lease by expiration of its term, action by the lessor, non-payment of rent, or for any other reason, and the lessor wishes to obtain possession of the premises, the lessor or his agent shall cause written notice to vacate the premises to be delivered to the lessee. The notice shall allow the lessee not less than five days from the date of its delivery to vacate the leased premises.
If the lease has no definite term, the notice required by law for its termination shall be considered as a notice to vacate under this article. If the lease has a definite term, notice to vacate may be given not more than thirty days before the expiration of the term.” LSA-C.C.P. Art. 4701.
Plaintiff cites this article and numerous court decisions as authority for the proposition that a lessor is entitled to possession of the leased premises upon the lessee’s failure to properly pay rent, and that the procedure set forth in Articles 4701 through 4705 of the Code of Civil Procedure allow eviction upon five days notice whether the lessee holds under a month-to-month rental arrangement or under a lease which contains a provision (as does the one in the present case) granting the lessor the option to declare the lease cancelled upon nonpayment of rent.[2] However, in all of the cases cited by plaintiff the lessee being evicted was given notice of the reason for the eviction. In the present case neither the notice to vacate nor the rule for eviction set forth nonpayment of rent as the reason for plaintiff’s action.
Eviction in Louisiana is one of the proceedings accomplished by summary procedure. If the lessee fails to vacate after the notice required by Article 4701 of the Code of Civil Procedure, he may be cited summarily to show cause why he should not be ordered to surrender possession of the premises to the lessor.[3] The eviction rule can be made returnable on the third day after it is served on the lessee, “at which time the court shall try the rule and hear any defense which is made.”[4] After this short time, the court may order the lessee to deliver the premises to the owner.[5]
The wisdom of allowing the use of summary procedure in eviction cases has proved itself over the years, and the equity of not allowing a tenant who does not pay rent to effectively take the leased premises out of commerce and live rent free pending the delays of a normal court action are obvious. However, in this case lack of time available to a good-faith lessee to prepare his case and make the defense to which he is entitled under Civil Code Article 4732 at least requires he be notified of the reason for which his eviction is sought.
Here no reason for eviction was given in either the notice to vacate or the rule for eviction. Especially since the lease contains grounds for eviction other than nonpayment of rent, minimum requirements of due process require notification of the reason for eviction to allow preparation of a defense if any is available. To this extent, because she held the premises under the written lease, we concur in the trial judge’s reason that defendant was afforded “improper notice”.
Plaintiff relies heavily in this connection on Board of Levee Comm’rs. v. Ma- *1277 gee Aircraft Company,[6] to justify its contention that eviction proceedings should not have overly technical restrictions imposed on them. The Magee case stands for the proposition that a notice to vacate is satisfactory if it merely indicates the lessor desires to terminate the lease and obtain possession of the premises. However, the court in Magee was only dealing with a month-to-month lease, which could be terminated upon timely notice for any or no reason. If a written lease with a definite term is to be terminated for a reason other than the mere passage of time, the tenant must be appraised of the substantive reasons for his desired eviction, and a mere indication that the lessor wishes to terminate the lease and obtain possession does not afford sufficient notice to meet basic due process requirements.
Since the notice given defendant to vacate the premises was improper in failing to set forth the reason for eviction, the trial judge had the option to allow plaintiff time to amend its notice and rule or to dismiss the action. But as the matter is summary in nature, at the time of trial no substantial delay would result from the plaintiff being required to institute a new proceeding for eviction. Consequently, the trial judge did not abuse his discretion in dismissing the eviction proceeding instead of granting plaintiff time to amend.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. LSA-C.C.P. Art. 2133. The return day was February 14, 1977 and the record was lodged on that date. The answer to the appeal was filed March 14, 1977.

. See, for example, Cameron v. Krantz, La. App., 299 So.2d 919; Goldblum v. Harden, La. App., 188 So.2d 630.

. LSA-C.C.P. Art. 4731.

. LSA-C.C.P. Art. 4732.

. Id.

. La.App., 77 So.2d 239.