(59 South. 106.)

No. 18,991.

BRIEDE v. BABST.

(June 4, 1912. Rehearing Denied June 29, 1912.)

*(Syllabus by Editorial Staff.)*

1. LANDLORD AND TENANT (§ 231*)—ACTION FOR RENT—EVIDENCE—SUFFICIENCY.

In a suit for rent with provisional seizure, evidence *held* to show that plaintiff's only delay in exacting prompt payment was because of an unwilling and forced indulgence.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 926–934; Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 213*)—RENT—PROMPT PAYMENT—WAIVER.

Where a landlord refrains from exacting prompt payment of rent merely because of an unwilling indulgence forced upon him by his tenant, he does not thereby waive his right to be paid his rent promptly.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 846–848, 850, 852, 854, 856, 857–860; Dec. Dig. § 213.*]

3. TENDER (§ 12*)—SUFFICIENCY—COSTS—INTEREST.

Where a tenant executed notes payable monthly for the rent, and the lease stipulated that default in any one of the notes rendered all of the notes due, and that on a suit on the notes lessee should pay an additional 10 per cent., a tender in an action by plaintiff on two unpaid notes is insufficient where it did not include the 10 per cent. interest on the notes, and the costs of the court.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 21–28; Dec. Dig. § 12.*]

4. TENDER (§ 11*)—DEPOSIT IN COURT—SUFFICIENCY.

A tender, to be effective, must be made to the creditor, and not by deposit in court.

[Ed. Note.—For other cases, see Tender, Cent. Dig. § 20; Dec. Dig. § 11.*]

Appeal from Civil District Court, Parish of Orleans; Thos. C. W. Ellis, Judge.

Action by Albert Briede against Louis Babst. From judgment for defendant, plaintiff appeals. Judgment set aside and rendered for plaintiff.

Legier & Gleason and Jos. J. Ritayik, for appellant. Titche & Rogers, for appellee.

PROVOSTY, J. On August 2, 1909, plaintiff leased to defendant the premises 344–46 Dryades street, in this city, for a term to begin on the 1st day of October, 1909, and end on the last day of September, 1912, at a rental of $80 per month for the first two years, and $90 per month for the third year, for which the lessee furnished his notes, payable at the end of each month.

The lease stipulated that, should the lessee fail to pay any one of the notes punctually at maturity, all of the notes should become due and exigible, without the necessity of any putting in default; and that, in case of suit on the notes, the lessee should pay an additional 10 per cent. on the amount of the notes.

The plaintiff alleges that the two notes falling due on the last day of September and October, 1910, are due and unpaid, notwithstanding amicable demand, and prays judgment for the aggregate amount of the notes, plus 10 per cent., and has obtained a provisional seizure.

The defense is that a course of business

was established between plaintiff and defendant, by which the Orleans Undertaking Company, of which plaintiff is the manager, furnished work to the defendant in his business of repairing carriages, on the leased premises, and the payments for the work as they became due were attributed to the satisfaction of the rent due plaintiff; that it was agreed between the parties, both before the lease was entered into and afterwards, that plaintiff should help defendant in this way to pay his rent; that plaintiff filed this suit, and sued out provisional seizure, without warning to the defendant that this agreement and course of business was no longer to be adhered to, and although there was due defendant by said Orleans Undertaking Company $71 for work done, and although plaintiff himself owed defendant $90 for a surrey which defendant had delivered to plaintiff at plaintiff's request to be credited on the rent notes as they became due. The prayer is for dismissal of the suit, and for damages for wrongful issuance of provisional seizure.

[1] Plaintiff denies that there was ever any agreement that work should be furnished to defendant and the rent paid in that way. He testifies that he had trouble all the time in obtaining payment of his rent from defendant, and had to be dunning him constantly; that his accepting from defendant in part payment of the rent the claims of the defendant against the Orleans Undertaking Company was merely a means of collecting his rent, which he could not otherwise collect. He testifies that the surrey in question was not sold to him, but merely left with him by defendant to be sold for account of defendant. In this statement with regard to the surrey he is corroborated by the embalmer and foreman of the Orleans Undertaking Company, whereas defendant is uncorroborated.

The alleged arrangement by which the rent was to be payable out of the sums to

131 LA.—6

become due defendant by the Orleans Undertaking Company is not proved, since it is testified to only by the defendant, and is denied by plaintiff. Defendant but faintly, if at all, denies that he was constantly in default on his rent, and was being pressed by plaintiff. Thus:

"Q. Was not Mr. Briede around your place pretty nearly every day, off and on?

"A. He was around there pretty nearly every day.

"Q. Was he constantly after you to pay your rent?

"A. I did not see him around my place before the seizure took place."

Elsewhere he says that plaintiff was to take the surrey at $90 "on a compromise of the rent."

[2] It is perfectly evident from the evidence as a whole that plaintiff never expressly or otherwise waived his right to be paid his rent promptly; and that, if prompt payment was not exacted, it was because of an unwilling and forced indulgence on his part.

To such a situation the doctrine of the case of Standard Brewing Co. v. Anderson, 121 La. 935, 46 South. 926, 15 Ann. Cas. 251, is totally inapplicable. That doctrine can obtain only where the tenant is ready to pay the rent promptly and needs no indulgence, but delays in paying simply because he is under the impression, produced by the lessor's past conduct, that it is a matter of no moment whether the payments be made promptly or a few days late.

[3] During the pendency of this suit, defendant has been depositing in the registry of the court, subject to the order of plaintiff, the amount of the rent as it accrued from month to month; and the question arises as to what has been the effect of these tenders on the running of interest.

A tender, to be effective, must include the whole amount due. La Molasses Co. v. Le Sassier, 52 La. Ann. 2070, 28 South. 217. In the present case, the entire amount of the rent, together with ten per cent. thereon, and

the costs of court, was due, and the defendant tendered payment only of the notes that fell due in natural course.

[4] Again, a tender, to be effective, must be made to the creditor; and not by deposit in court. Alexandrie v. Saloy, 14 La. Ann. 327. There is nothing contrary to this in Frey v. Fitzpatrick, 108 La. 130, 32 South. 437, where no deposit had been made, and the sole point decided was that where a tender has been made a deposit is not necessary for stopping interest.

The judgment appealed from is set aside, and it is now ordered, adjudged, and decreed that plaintiff, Albert Briede, have judgment against the defendant, Louis Babst, for the sum of $2,200, with 8 per cent. per annum interest on $80 thereof from September 1, 1910, and like interest on $80 thereof from October 1, 1910, and like interest on the balance thereof from the date of the filing of this suit, October 18, 1910, plus 10 per cent. upon the said amount in capital and interest, and that defendant pay the costs of this suit, and that the provisional seizure herein be maintained, and the property provisionally seized be sold to satisfy this judgment.