No. 9972.

Orleans Appeal.

## M. HEYMAN v. BENEDICT A. LACOMBE, Appellant.

(May 11, 1925, Opinion and Decree.)

*(Syllabus by the Court.)*

1. **Louisiana Digest—Landlord and Tenant Par. 84, 92.**
A landlord, who, despite persistent efforts to effect prompt payment of his rent, accepts partial and tardy payments thereof as the only means of collection, does not waive the right to insist upon prompt payment and is not estopped by such conduct.

2. **Louisiana Digest—Landlord and Tenant —Par. 97.**
A lessor may obtain provisional seizure of the property found on the leased premises, whether the rent is due or not, if he swears to the amount he claims and that he has reason to believe the lessor intends to remove the property from the leased premises.

(Code of Practice, Art. 287. Editor's note.)

Appeal from First City Court, Hon. Val. J. Stentz, Judge.

This is a suit on rent notes coupled with a provisional seizure. The seizure was enjoined.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

K. V. Richard, attorney for plaintiff and appellee.

B. W. Kernan, attorney for defendant and appellant.

WESTERFIELD, J. On January 2, 1925, plaintiff caused a writ of provisional seizure to issue, seizing certain property in the leased premises belonging to plaintiff and occupied by defendant under a written lease dated July 29, 1924.

The allegations of plaintiff's petition are that the rent note of plaintiff, due January 1st, 1925, was unpaid and that under the terms of his lease the remaining six rent notes are, by reason of defendant's default, due and collectible; that the defendant is about to remove from the leased premises all of the property contained therein upon which plaintiff has a lien and privilege; that defendant has informed plaintiff that he did not intend to pay his rent and contemplated moving from the leased premises. The seizure was enjoined (a proceeding which seems to us unusual) upon the ground that it was unlawfully issued in that the rent was not due and that plaintiff had given permission to move from the leased premises and upon the further ground "that due to said writ of provisional seizure he (petitioner) is unable to sell any groceries and is thereby deprived of all means to make a living for his family."

The injunction was subsequently, upon motion, dissolved. A trial was had upon the merits and judgment rendered in plaintiff's favor and against defendant in the sum of $245.00 plus 10% attorney's fees and recognizing plaintiff's lien and privilege upon the property provisionally seized. From this judgment defendant has appealed.

The judgment appealed from is said to be erroneous because:

1st. Plaintiff orally agreed with defendant to cancel the lease as of date February 1, 1925.

2nd. Plaintiff did not exact prompt payment of the rent and without notice of his intention to do so in this instance was estopped to demand it on the due date.

3rd. January 1, 1925, being a holiday the note due that day could be paid at any time the next day and the suit begun on January 2nd was premature.

The evidence does not sustain the contention that the plaintiff agreed to cancel its lease unconditionally, but only upon condition of another tenant, satisfactory to plaintiff being procured. It would be most unusual for a landlord to release a tenant

in mid-term upon less onerous conditions and the evidence does not convince us that the landlord imposed no condition to the cancellation of defendant's lease as claimed by defendant.

As to the manner of payment of the rent and the landlord's conduct in reference thereto, it appears that payments were made in a most irregular manner in cash and by check. When checks were given they seem to have been universally dishonored when presented to the bank for payment. No single payment except by check was as much as $35.00, the amount of the monthly rent, and the landlord experienced the greatest difficulty in collecting even in this most unsatisfactory manner. No estoppel exists as against a landlord, who, despite persistent efforts to effect prompt collection of his rent, is forced to accept tardy and partial payments or none at all. Briede vs. Babst, 131 La. 160, 59 South. 106; Falco vs. Guilbert, 8871 Orl. App. Moreover, this lease contains a clause to the effect that no indulgence on plaintiff's part will amount to a waiver of his right to insist upon prompt payment.

Whether the note being due on a holiday was not exigible until the second day thereafter is immaterial since in this petition, which is sworn to, it is alleged (and the allegation is sustained by the evidence) that defendant was about to part with or dispose of the property in the leased premises. C. P. Art. 287.

A tender was made of $35.00 on January 7, 1925. This tender was insufficient in amount because at that time suit had been instituted since January 2nd and court costs and 10% attorney's fees, as stipulated in the lease, were not included. The tender is therefore without effect.

For the reasons assigned the judgment appealed from is affirmed.