## CHAPMAN v. BURKE. *
### No. 14399.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

Van Buren Harris, of New Orleans, for appellant.

Carl H. Silva and Quintero & Ritter, all of New Orleans, for appellee.

JANVIER, J.

Plaintiff, a landlord, alleges that defendant, a tenant, failed to pay one of the rent notes at its maturity, and that thus the remaining notes for the unexpired term of the lease became due. Defendant contends that, by express agreement previously made, the date on which the rent notes were to be paid was fixed as the 15th day of each month, instead of as originally set forth in the lease. The suit now before us was filed on the 19th of the month; the rent note which was due on the first not having been paid up to the time of the filing of the suit.

Even if defendant's contention be correct— and there is no evidence in the record except his own statement to sustain it—still we find that the rent was not paid by the 15th, and, although there is evidence to show that on prior occasions the rent had been paid at a later date than the first, and although it is contended that there had thus been established a custom from which plaintiff could not depart without written notice, still, even under this phase of the case, the evidence shows that at no time had payment been made later than the 16th of the month, and the evidence shows conclusively that, in all cases where it had been paid later than the day on which it was due, the delay resulted, not from any acquiescence on the part of the landlord, but solely from his inability, after persistent efforts, to prevail upon defendant to pay it.

It is true that there has been established in this state the doctrine that a landlord who customarily permits a tenant to pay rent later than it is due cannot depart from the custom without notice to the tenant of his intention to do so. Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926, 15 Ann. Cas. 251; Brunning v. Grinage, 4 Orleans App. 429; Roth v. Fabian, 7 Orleans App. 422. But that rule does not apply where the delay has resulted not from any voluntary acquiescence on the part of the landlord, but solely from his inability to prevail upon the tenant to make payment when due. Briede v. Babst, 131 La. 159, 59 So. 106; Maestri v. Nall (La. App.) 145 So. 128 (not yet reported [in state report]); Falco v. Gilbert, 2 La. App. 71. However, even where the doctrine does apply, and a landlord's acquiescence has established a day later than the original due date on which the rent may be paid, the tenant has no right to delay payment beyond the day so fixed by acquiescence. See, particularly, Maestri v. Nall, supra. In the case before us, even conceding that the doctrine announced in Standard Brewing Co. v. Anderson, supra, is applicable, it is shown conclusively that not only was the rent not paid even 4 days after the date which, according to defendant, had been established by custom and acquiescence, but defendant had planned to leave the city for a period of five days, so that it would have been some six or seven days after the 15th before he could have returned to take care of his obligation.

The judgment below was rendered in favor of plaintiff. We see nothing in the record to sustain the defense; and it is therefore ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed.

Affirmed.

WESTERFIELD, J., absent, took no part.

*Rehearing denied February 13, 1933.