**JACKSON v. McKEAN.**

No. 6015.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1940.

Rehearing Denied April 4, 1940.

Dickson & Denny, of Shreveport, for appellant.

Alton M. Richmond, of Shreveport, for appellee.

HAMITER, Judge.

A rent claim forms the basis of this action instituted against Mrs. Erin McKean.

It is alleged in the petition of plaintiff, Mrs. W. R. Jackson, which was filed February 17, 1939 "That on or about May 30, 1938 your petitioner leased to said defendant that certain property known as Municipal Number 234 Washington Avenue of the City of Shreveport, Caddo Parish, Louisiana, for a period of one (1) years time, beginning on June 1, 1938 and the lease terminating on May 31, 1939, the rental price being Fifty Dollars ($50.00) per month, payable in advance on the first day of each month, with a certain stipulation in the lease contract that should the monthly rental price of $50.00 fail to be paid after being past due and unpaid for five (5) days, then and in that event the entire amount of the lease contract shall become due, collectible and exigible at the option of the lessor; that said defendant, Mrs. Erin McKean is now in arrears with her monthly rental payment for the month of February 1939 in the amount of Fifty ($50.00) Dollars, and that being in arrears for a period of time longer than five (5) days as stipulated in said lease contract,

the entire amount of the rental or lease contract is due and payable, said amount or amounts being due being $50.00 for each of the following months, February, March, April and May 1939, amounting to a total of Two Hundred ($200.00) Dollars."

The petition also contains averments regarding the existence of a lessor's lien and privilege on the furnishings in the leased premises and the fear and belief of plaintiff that they would be removed to the detriment of the security.

The prayer is for the issuance of a writ of provisional seizure and for judgment in the amount of $200.

As requested, the furnishings were provisionally seized.

Defendant filed a plea of prematurity and also a motion to dissolve the issued writ. In connection with the latter she asks an award for damages of $300 which, it is alleged, were caused "by the wrongful issue of the seizure."

With reservation of all of her rights under the mentioned pleadings, defendant answered. She admits the execution of the contract of lease, but denies plaintiff's other allegations and particularly denies that the rent was payable in advance. Further answering, defendant charges that she planned and intended, when entering into the lease, to subrent one of the rooms of the dwelling, but that she has been prevented from doing so because of its being infested with bedbugs; and that this resulted in a monetary loss to her of $271.50. She prays judgment in reconvention for this amount.

Separate trials were held on the motion to dissolve and the merits of the case. Thereafter, judgment was rendered awarding plaintiff the amount for which she sued, maintaining the issued writ of provisional seizure, ordering a sale of the seized furnishings, and rejecting defendant's reconventional demand. No minute entry or other statement is found in the record regarding the disposition made of the plea of prematurity and motion to dissolve; however, it is obvious that they were overruled.

Defendant prosecuted this appeal.

The testimony given by the several witnesses at the trials was not reduced to writing and consequently no transcript of it is available. The record, however, contains certain relevant documentary evidence, and also statements signed by counsel for the litigants in which such testimony is in substance related.

The premises were leased and rented by plaintiff to defendant, according to the provisions of the written contract, "for the total consideration of $600.00 payable at the rate of $50.00 per month, the said lease to commence on the first day of June, 1938, and end on the first day of June, 1939." The written instrument further provides, "Failure to pay any one of said payments within five days of due date shall give the landlord or agent the right to declare all unpaid payments due and exigible; * *. In consideration of this lease the said Erin McKean binds and obligates herself to pay the said rent promptly at the first of each month * * *."

It is stated in the mentioned stipulations of counsel that the testimony given by Mrs. Jackson was substantially as follows: The parties thoroughly understood that the rent payments would be made in advance and on the first day of each month. The first month's rent was paid before the lessee commenced occupancy of the premises. For the period from July to December, inclusive, the payments were made irregularly and not in advance as agreed. The January, 1939, rent remained unsatisfied until on or about February 1st of that year. No further installments were paid, although defendant continued to occupy the premises. Following the expiration of the initial month, plaintiff continually insisted and demanded that the rental payments be made in advance.

Defendant's primary position under the plea of prematurity and the motion to dissolve, and on the merits, is that the agreement of the parties did not provide for advance payment of the rentals; and therefore plaintiff was not entitled to institute suit on February 17, 1939, as she did, and declare all unpaid installments due and exigible because of the nonpayment of the February rent within five days after the first of that month.

Our construction of the written contract, which does not harmonize with the stated view of defendant, is that payment of the rent in advance was contemplated by the litigants. It is therein provided that the lease would commence on the 1st day of June, 1938, and end on the 1st day of June, 1939, and lessee would pay the monthly rental of $50 "promptly at the first of each month." This payment pro-

vision, we think, refers to the first day of the month for which the rent is due. However, if it can be said that ambiguity attends this clause, the above discussed testimony of plaintiff, which is uncontradicted, clearly sustains her contention and action.

The fact that the payments made at irregular times were accepted by plaintiff does not aid defendant's position. During the entire term of the lease plaintiff was demanding and insisting that each monthly obligation be discharged in advance, and at no time did she agree to the irregularity of payment as practiced by defendant. Chapman v. Burke, La.App., 145 So. 560; Briede v. Babst, 131 La. 159, 59 So. 106.

There seems to be no merit to the reconventional demand relating to the existence of bedbugs in one of the rooms of the leased premises. It is not shown by the evidence that these obnoxious, hemipterous pests were present when the lease commenced. Discovery of them occurred during the month of October, 1938, after the room had been used by defendant for storage purposes for a period of more than four months.

The judgment, in our opinion, is correct, and it is affirmed.