40 So.2d 474

**REDON et ux. v. ARMSTRONG et ux.**

No. 38368.

April 25, 1949.

———◆———

Harold J. Winling, of New Orleans, for defendants-appellants.

Sidney G. Roos and Robert J. Oster, both of New Orleans, for plaintiffs-appellees.

HAWTHORNE, Justice.

Defendants, Mr. and Mrs. Paul Armstrong, appealed suspensively to this court from a judgment of the district court cancelling a written lease contract and ordering them to vacate the premises located at 1708 St. Charles Avenue in the City of New Orleans for failure to pay promptly the rent due pursuant to the terms and conditions of the lease contract.

In this court plaintiffs-appellees filed a motion to dismiss the appeal taken by defendants-appellants, "the motion being based on the insufficiency of the surety signing the appeal bond of $5,000". This court sustained the motion insofar as it stayed or suspended the execution of the judgment appealed from, but denied it as to a devolutive appeal. See Redon et ux. v. Armstrong et ux., 211 La. 165, 29 So.2d 708.

Plaintiffs leased the property to defendants for a term of three years, commencing on November 15, 1944, and ending on October 31, 1947, for and in consideration of a monthly rental of $200, represented by 36 promissory notes for $200 each, payable in advance on the first day of the month. Defendants failed to pay the rent for August, 1946, and plaintiffs, after notices to the defendants to vacate the premises, instituted this suit.

Defendants contended that the plaintiffs had previously, on several occasions, accepted the rental payments a few days after the maturity date of the note, and that such acceptance was a tacit modification

by plaintiffs of the terms and conditions of the written lease contract.

On the trial of the case on its merits, the evidence disclosed that plaintiffs did accept the amount of rent in several instances a few days after the notes matured, but on these occasions they warned defendants that the rent must be paid promptly and that their acceptance was not to be considered as a waiver of their right to enforce the lease according to its terms and conditions.

Appellants made no appearance in this court, but, some time after the case was submitted, filed a brief in this court in which they ask that the judgment of the lower court be reversed and the lease maintained to the extent that appellants should have the right to exercise their option, contained in the lease contract, to purchase the property for the sum of $25,000. Appellants in this brief cite no authority in support of their contention, and the record itself, in our opinion, discloses no error of law. On the contrary, since it was clearly established by the trial of the case on its merits that the defendants-lessees violated the terms and conditions of the lease, the judgment based on these facts is entirely correct, and the plaintiffs are therefore entitled to the relief sought.

For the reasons assigned, the judgment appealed from is affirmed; defendants-appellants to pay all costs.

O'NIELL, C. J., takes no part.

MOISE, J., recused.