301 So.2d 372 (1974)
Felix ESTILETTE
v.
Mrs. Gerald ROGERS, wife of/and Gerald Rogers.
No. 6448.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Morrison & Keenan, James J. Morrison, Jr., New Orleans, for plaintiff-appellant.
Garrett, Carl & Roussel, Clifton S. Carl, New Orleans, for defendants-appellees.
Before REDMANN, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
Plaintiff appeals from a judgment maintaining exceptions of lis pendens and prematurity to his suit for the balance due on a promissory note. The note provides that payments be made at the plaintiff's residence on the first day of each month, commencing *373 on April 1, 1973, and thereafter on the first day of each succeeding month. On September 1, defendants failed to make the monthly payment to plaintiff. On September 4, defendant Rogers filed suit against Estilette seeking cancellation or reduction of the note based on fraud. With the filing of his suit, defendant deposited into the registry of the court the September 1 payment and continued to deposit each monthly payment in the registry as it became due.
This suit followed. In defendants' exception of lis pendens to the instant suit, they claim that the earlier suit raises the same issues of law and fact and arises out of the same transaction. The thrust of defendant's exception of prematurity is that the September payment on the note was made timely by the deposit into the registry of the court on September 4, the first working day after September 1, which was a legal holiday. They contend, therefore, that the plaintiff could not accelerate the payments and sue for the balance due on the note.

Lis Pendens
LSA-C.C.P. art. 531 provides:
"When two or more suits are pending in a Louisiana court or courts on the same cause of action, between the same parties in the same capacities, and having the same object, the defendant may have all but the first suit dismissed by excepting thereto as provided in Article 925. * * *"
The instant suit seeks the balance due on the note while Rogers' earlier suit seeks reduction or cancellation of the note based on fraud. Although these suits might properly be consolidated, the filing of the first suit will not serve as a basis for maintaining an exception of lis pendens to the second suit. Neither the cause of action nor the object sought in each suit is the same. See Knight v. Louisiana Board of Medical Examiners, 195 So.2d 375 (La.App.4th Cir. 1967). This exception was erroneously maintained.

Prematurity
We reach the same result regarding the exception of prematurity. We reject defendants' contention that the September payment into the registry of the court satisfied the requirement that the note be paid to the plaintiff at his residence on the first day of each month.
In Briede v. Babst, 131 La. 159, 59 So. 106 (1912), the court in holding that rent payments into the registry of the court did not constitute payment to the creditor, stated at page 107:
"* * * a tender, to be effective, must be made to the creditor; and not by deposit in court. Alexandrie v. Saloy, 14 La.Ann. 327."
Applying the holding in Briede to the facts in our case, we cannot conclude that payment into the registry of the court constituted payment to plaintiff under the terms of the note and mortgage. Accordingly, we cannot conclude the suit was premature.
We do not agree with defendants' contention that Louisiana Intrastate Gas Corporation v. Muller, 290 So.2d 888 (La.1974) supports their position. In that case, the court concluded that payment by plaintiff into the registry did not constitute a breach of contract for nonpayment to the creditor. The court pointed out that the creditor (Muller) refused payment, claiming that the contract upon which payment was tendered was null. The court also recognized that if payment had been made to the defendant creditor or to other signatories to the contract, the debtor (Louisiana Intrastate Gas Corporation) may have been required to make a double payment in the event the contract was later declared null. In the instant case, plaintiff (creditor) had not refused payment and defendants (debtors) were in no danger of having to make a double payment.
*374 The other cases cited by the defendant, Agency Management Corp. et al. v. Green Acres Realty, Inc., 286 So.2d 465 (La.App.1st Cir. 1973) and Waguespack Pratt, Inc. v. DeSalvo, 225 So.2d 269 (La.App.4th Cir. 1969), are not applicable. These cases involve the disbursement of funds and interest due on monies deposited in the court in connection with a concursus proceeding. We conclude, therefore, that no merit exists in defendant's exception of prematurity. Having concluded that the exception of lis pendens also lacks merit, we are compelled to overrule both exceptions. Accordingly, the judgment maintaining the exception of lis pendens and prematurity is reversed. The exceptions are overruled, and the matter is remanded for further proceedings consistent with the above.
Reversed and remanded.
REDMANN, Judge (dissenting in part).
Had the vendor's demand been brought as a reconventional demand in the buyer's action, an exception of lis pendens there would have been more evidently unavailing. I agree that that exception should have been overruled.
Not so evident is the correct ruling on an exception of prematurity (whether against this separate action or against a reconventional demand in the buyer's action).
In my opinion the case is governed by C.C. arts. 2557-2559,[1] which authorize one who buys control of a corporation by purchase of a majority of the corporation's stock to suspend payment of the price, not only in the expressly covered case of claims against the thing sold (the stock itself) but also, by analogy, in the case of undisclosed claims against the corporation (and its assets, see C.C. art. 3182-3183, which represent the value-giving substance behind the stock).
Cursory research produces no case of arts. 2557-2559's being applied to sales of movables. Nevertheless, the articles do not in terms limit themselves to immovables (as do, e. g., arts. 2562 and 2563). See the discussion of non adimpleti contractus in Aubry & Rau, Droit Civil Francais, Obligations, § 302 (6th ed., La.Law Inst. trans., at pp. 83-85).
The matter should be remanded for the trial court to take evidence on whether or not the buyer had "just reason to fear" the alleged claims against the corporation. If so, the trial court should rule that the buyer's suspension of payment under art. 2557 and deposit to avoid "interest"[2] under art. 2559 are authorized by law and the seller's action should be dismissed as premature.[3] The seller's remedy is to post the security authorized by art. 2557.
NOTES
[1] Art. 2557. If the buyer is disquieted in his possession, or has just reason to fear that he shall be disquieted by an action of mortgage, or by any other claim, he may suspend the payment of the price, until the seller has restored him to quiet possession or caused the disturbance to cease, unless the seller prefer to give security.

There is an exception to this rule, when the buyer has been informed, before the sale, of the danger of eviction.
Art. 2558. In the case mentioned in the preceding article, the seller who can not receive the price from being unable to give security, may compel the buyer to deposit the price, subject to the order of the court, to await the decision of the suit.
Art. 2559. The purchaser may also require the deposit, to relieve himself from the payment of interest.
[2] Art. 1935. The damages due for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more.
[3] The question of whether or not attorney's fees are due, under the terms of the note representing the price, may be a separate question even if the principal demand is not premature. See St. Charles Dairy v. Hayes, 1957, 233 La. 217, 96 So.2d 494; but see First Nat. Bank of Jefferson Parish v. Kindermann, La.App.1973, 280 So.2d 888, writ refused 282 So.2d 720.