GUIDRY, Judge.
The plaintiff, Irvin Eldemire, brought this suit to rescind a lease agreement whereby he leased certain property to the defendant, Everett Shilts. The trial court rendered judgment in favor of the plaintiff, *1352 rescinding the lease. The defendant appeals.
The sole issue on appeal is whether the failure of the defendant, lessee, to pay the property taxes on the property in question, as required by the agreement, warranted a rescission of the lease.
The written lease agreement was entered into on November 28, 1972, and covered a small lot of land fronting on Kelso Bayou in Cameron Parish. The term of the lease was established at twenty years commencing on December 1, 1972. The stated consideration was a rental of one dollar per year, although the evidence taken at trial established that in further consideration of the lease, the lessee, Shilts, agreed to cosign a promissory note enabling Eldemire to borrow $3,000.00 from a local bank.
We observe at the outset that we find no clear error in the trial court’s determination that a valid contract of lease existed between the parties. The evidence shows that the agreement of Shilts to cosign a note for Eldemire constituted valid consideration for the agreement. Plaintiff does not seriously contend that the lease is invalid for want of consideration. Rather, plaintiff urges that the aforesaid lease should be rescinded because of defendant’s breach of a material condition thereof, i.e., the lessee’s failure to pay all real estate taxes on the leased property.
The portion of the rental agreement relevant to the issue presented states:
“It is expressly understood and agreed that lessee shall pay any and all utilities and all real estate taxes on the leased premises. ”
It is not disputed that the lessee, Shilts, has never paid the property taxes on the property in question. Eldemire paid the taxes himself upon receipt of the assessments. He never informed Shilts of the amount of taxes due, nor did he request that Shilts pay the taxes. Shilts testified that he stood ready, willing and able to pay the taxes, but did not do so because he was never notified that the taxes were due.
The appellant, Shilts, contends that the failure of the lessor to demand the payment or reimbursement of taxes from Shilts precludes him from seeking cancellation of the lease on that ground. We agree.
It is well settled that where a lessor customarily accepts late rental payments, such “custom”, by acquiescence of the parties, has the effect of altering the lease agreement with regard to any requirements concerning the punctuality of rental payments. When such “custom” is found to have been created, the lessor’s right to strictly enforce the provisions of the lease is waived, and in order to hold the defendant to the explicit terms of the lease, advance notice must be given the lessee of the lessor’s intention to strictly enforce the terms of the lease in the future. Himbola Manor Apartments v. Allen, 315 So.2d 790 (La.App. 3rd Cir.1975); Credeur v. Credeur Credit Corporation, 385 So.2d 926 (La.App. 3rd Cir.1980).
We find that the above stated rules have equal application to a term in the lease requiring the lessee to pay property taxes on the leased property. In the case of Boulevard Investment Corp. v. Boulmay, 79 So.2d 917 (La.App.Orl.Cir.1955), the lease contract provided that the lessee was to pay all property taxes on the property. The custom developed between the parties that the lessor would pay the taxes upon receipt of the tax bills, then call upon the lessee for reimbursement. It was also established that the lessor had never required that the lessee pay the taxes promptly. When the 1953 taxes became due, the lessor paid them, but failed to notify the lessee that the taxes had been paid and that reimbursement was due. The lessor brought suit to rescind the lease, based in part on the lessee’s delinquency in reimbursing the amount paid in property taxes by the lessor. The judgment of the trial court refusing to rescind the lease was affirmed. The court stated:
“It cannot be disputed that the lessee may be expelled from the property if he fails to pay the rent when it becomes due. LSA-C.C. art. 2712. The nonpay *1353 ment by the lessee of taxes and insurance premiums under certain circumstances might be considered as the nonpayment of rent. But where, due to an understanding between the parties, either positive or tacit, the lessee was left to suppose that absolute punctuality of payment would not be expected of him and that a delay would not be objected to, the lessor is not entitled to rescind the lease and eject the tenant who fails to pay on the very day of maturity.”
In Lee Lumber Company, Ltd. v. International Paper Company, 345 So.2d 212 (La.App. 3rd Cir.1977), writ refused, 347 So.2d 503 (La.1977), the lease agreement obligated the lessee to pay taxes on the timber standing on the leased property. From the years 1946 to 1950, the lessor paid the taxes on both the land and the timber, making no demand on the lessee for reimbursement of the taxes attributable to the timber. The lessor sought to cancel the lease based on the lessee’s failure to pay the taxes on the timber from 1946 to 1950, and on the lessee’s failure to timely pay the rent. The court stated:
“The trial court held that plaintiff Lee was estopped from claiming a cancellation of the lease and pretermitted a resolution of the aforestated issues. We agree. As in this case, where a lessor, by his conduct — no demand for taxes during the years 1946 to 1950; accepting of rental payments for the years 1951 through 1973, after the date on which they were due — creates a custom by which the lessee is led into a false sense of security that it has complied with its obligations as lessee, the lessor thereby waives his right to cancel the lease and is estopped from so doing.”
The above cases make it clear that the failure of the lessee to pay property taxes as stated in a lease agreement is treated in the same way as the failure to pay rent timely. When the practice becomes customary, the lessor may lose his right to cancel the lease by strict enforcement of its terms.
In the instant case, the property covered by the lease is part of a larger tract owned by Eldemire. The property taxes were assessed on the entire tract, and Eldemire paid the taxes without demanding reimbursement for the taxes attributable to the leased property. This is understandable, since the assessment on the entire tract during the first five years of the lease did not exceed $8.05 in any year. The record shows that in more recent years, the assessment has been as high as $59.31, but Eldemire still paid the taxes without demanding reimbursement from Shilts. It is clear to us that it was customary for Eldemire to pay the property taxes. In the absence of any demand upon Shilts for payment or any notification of his intention to strictly enforce the written terms of the lease, Eldemire may not now have the lease cancelled for nonperformance of a term which both parties have ignored from the inception of the lease. The trial court judgment rescinding the lease was error. Right is reserved to the plaintiff-lessor to demand reimbursement from the defendant-lessee for the taxes attributable to the leased property which are legally due to plaintiff under the terms of the aforesaid lease.
For the above and foregoing reasons, the judgment of the trial court is reversed, and plaintiff’s suit is dismissed. All costs are assessed to plaintiff-appellant.
REVERSED AND RENDERED.