REDMANN, Chief Judge.
Appealing from a judgment on a note, defendants contend that they did not get from plaintiff the bargained-for consideration and that, in any event, the note’s maturity was wrongly accelerated. We disagree with the first but agree with the second contention.
I.
The consideration for the note was a travel agency business. Defendants argue that the business’s $46,000 price was related to a CPA’s financial statement dated the day of the sale showing the business’s “net worth” as $44,092.10. Both the $34,025.10 cash and the $43,919 receivables shown by that statement, defendants contend, were substantially overstated.
Defendants presented a part-time bookkeeper’s testimony that in her short tenure thereafter the receivables averaged about $20,000. They also presented evidence that the checkbook reconciliation balance for the date that the CPA signed the statement was only $18,208.65 (though the bank’s balance for that date was $35,-539.08). That evidence does not prove any overstatement in the CPA’s statement. We therefore reject the contention of partial failure of consideration.
II.
The note’s maturity was accelerated by plaintiff on the ground that interest for the fifth month' was paid late. We hold that ground insufficient, on the basis that plaintiff’s apparent unconcern for inexactness elsewhere throughout the transactions estops her from accelerating maturity because of defendants’ inexactness in the date of a payment of interest. Plaintiff’s first show of unconcern for exactness is in the formal notarial act of sale of the business. It declared that the sale was made for $40,000 cash, the receipt of which was acknowledged by the vendors. In fact the price was $46,000 rather than $40,000; and only $20,000 was paid in cash, with the balance represented by the note here sued on.
The note sued on itself shows more unconcern for exactness. It first promises to pay only $26,000, without specifying any interest, in 24 months. The only promise of interest is in the second paragraph:
“The makers to this note promise to pay the interest due on the principal each month beginning February 31,1983, computed at 8% per annum until paid in full. At the expiration of 24 months all outstanding principal and interest shall be due and payable ..., interest runs from date until paid. All payments will be applied first to interest due and the balance then applies to principal.”
When one defendant joked, at the time of signing that note prepared by plaintiff, that he would not pay interest until the never-occurring “February 31,” plaintiff did not even bother to change the date to February 28 (if that was the intention of the parties), giving a very strong appearance to defendants that exactness was not a matter of great concern among friends. (We further observe that the note does not in fact set a date each month for payment of interest, so that the only date of reference is “beginning February 31.” We would agree, however, that the more reasonable inference is that interest is due at the end of each month.)
Moreover, when the first payment (the mathematical equal of 28 days interest) was made on February 18, it was not applied in accordance with the quoted provision of the note (to 18 days interest first and then to principal); and when $500 payments were made on April 8 and 25, they *521 were not applied in accordance with that quoted provision.
And, when interest for April and May was paid on May 2 and June 1, plaintiff did not notify defendant that late payment of interest in the future would be refused and would result in acceleration of maturity. Plaintiff did so notify her collecting bank, however. And, when interest for June was not received by mail by plaintiffs collecting banks until the third business day of July (July 6, a weekend and holiday having intervened), the bank refused the interest and plaintiff brought this suit for the entire principal.
The rule of law is that when a payee of a series of payments customarily allows their payment after their due date, the payee is deemed to have waived any right to enforce an acceleration clause except after putting the debtor in default, Standard Brewing Co. v. Anderson, 121 La. 935, 46 So. 926 (1908).
That rule is applicable where the debtor “needs no indulgence, but delays in paying simply because he is under the impression, produced by the [creditor’s] past conduct, that it is a matter of no moment whether the payments be made promptly or a few days late.” Briede v. Babst, 131 La. 159, 59 So. 106,107 (1912).
Although plaintiff argues that accepting payments late only twice does not constitute “customarily” doing so within Anderson, we conclude that in the present case, the additional recited instances of the creditor’s loose attitude justified the debtor’s belief, within Briede, that it was a matter of no moment whether the interest was paid by the end of each month or within a few days thereof.
We therefore dismiss plaintiff’s suit but we charge defendants-appellants half the costs of appeal because of their unsuccessful contention of partial failure of consideration, occupying much of the transcript.
Reversed; dismissed at plaintiff’s cost save half the costs of this appeal.