486 So.2d 1068 (1986)
HOUSING AUTHORITY OF the TOWN OF LAKE PROVIDENCE, Plaintiff-Appellee,
v.
Emanuel BURKS, Defendant-Appellant.
No. 17644-CA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*1069 Salyria L. Gumms, Tallulah, for defendant-appellant.
McIntosh, Fox & Lancaster by George F. Fox, Jr., Lake Providence, for plaintiff-appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
The lessee, Burks, appeals a judgment evicting him from a federally subsidized housing unit owned by plaintiff in Lake Providence. An eviction notice, dated May 7, 1985, cited nonpayment of rent as the basis for eviction. We reverse and render judgment for the lessee, finding that plaintiff customarily accepted late rental payments and accepted a partial rental payment from Burks after the date of his notice of eviction. This constitutes waiver of plaintiff's right to immediate eviction. See Housing Authority of the Town of Lake Providence v. Allen, 486 So.2d 1064 (La.App. 2d Cir.1986).
Rent for each housing unit is based on the lessee's income. From July 1983 to September 1984, Burks' income was such that he was not required to pay rent. Burks' increase in income resulted in his rent being fixed at $25 per month from September 1984 through January 1985. From February 1985 through April 1985 Burks' rent was lowered to $10 per month because of a decrease in his income. In March 1985, Burks obtained temporary employment and his monthly rental was to be increased from $10 to $137 effective May 1, 1985.
Burks did not pay his rent for January, February, or March 1985, until March 25. His April rent was not paid until April 15. Plaintiff accepted a partial rent payment of $50 on the May rent from Burks on May 28, after the May 7 notice of eviction. No later eviction notice was given. Burks raises four issues:
whether plaintiff's practice of customarily accepting late rent waived its right to evict under the circumstances;
whether the acceptance of $50 partial rent payment after the date of the eviction notice vitiated or waived the effect of the notice;
whether plaintiff properly recalculated Burks' rent under regulations of the Department of Housing and Urban Development; and
whether plaintiff arbitrarily refused to address defendant's grievance privilege about the eviction.
We reverse the eviction based on the waiver and do not consider the grievance privilege. The trial court did not consider the rent recalculation and from this record we cannot and do not determine whether the recalculation was in accord with the federal regulations.
Lease cancellation is not favored. A lease will be dissolved only when a lessor proves clear entitlement to dissolution. Atkinson v. Richeson, 393 So.2d 801 (La.App. 2d Cir.1981).
A lessor's customary acceptance of late rental payments has the effect of altering the parties' original understanding as to the punctuality of rent payments. Housing Authority of St. John v. Shepherd, 447 So.2d 1232 (La.App. 5th Cir. 1984); Himbola Manor Apartments v. Allen, 315 So.2d 790 (La.App. 3d Cir.1975); Briede v. Babst, 131 La.159, 59 So. 106 (1912). This principle does not apply where the lessor has made frequent but unsuccessful demands for payment or where the acceptance of late payments is because of "unwilling and forced" indulgence on the lessor's part. Briede, supra; Redon v. Armstrong, 215 La.307, 40 So.2d 474 (1949). When a lessor accepts a rental payment after a notice of eviction has been given, the notice is vitiated and the tenant is maintained in possession. Ernst Food Mart, Inc. v. Jackson-Atlantic, 405 So.2d 1272 (La.App. 4th Cir.1981); Flores v. Gondolier, Ltd., 375 So.2d 400 (La.App. 3d Cir.1979).
*1070 Plaintiff claims that it was "forced" to accept Burks' late rental payments because the lease provides that a tenant can be evicted only if he is continuously late with his rent payments. The lease was not introduced into evidence. This record will not allow us to uphold plaintiff's argument.
Burks was always late in paying his rent, and his late payments were always accepted by plaintiff. Under these circumstances, we must find that any agreement about punctuality of the rent has been altered and that plaintiff cannot institute eviction proceedings until it gives Burks advance and unequivocal notice of its intent to strictly enforce whatever punctuality provisions are in the lease. Investor Inns, Inc. v. Wallace, 408 So.2d 978 (La.App. 2d Cir.1981).
Additionally, we find plaintiff's eviction action has been vitiated because the partial rent payment of $50 was accepted by plaintiff after the notice of eviction. Ernst Food Mart, Inc., supra; Flores, supra.
The judgment of eviction is REVERSED and judgment is rendered dismissing plaintiff's demands at its cost.