BROWN, Chief Judge.
hOn September 26, 2006, appellant, Ralph Williams, Jr., executed a lease agreement in favor of appellee, Shreveport Neon Signs, Inc. (“Shreveport Neon”). The lease agreement that was executed by Williams was for the erection of two billboard signs on property that he owned for a term of 20 years. The agreed upon price was not specified in the lease agreement, but both parties state that it was $12,000.
Following the execution of the lease agreement, Shreveport Neon sought the approval of the Louisiana Department of Transportation and Development (“DOTD”) to erect the two billboards. DOTD issued Shreveport Neon a permit to erect one sign, and as a result Shreveport Neon paid Williams ItijOOO.[1]
After accepting payment for the one billboard, and after Shreveport Neon had ordered its sign and obtained customers, Williams refused Shreveport Neon access to his property. Through counsel, Williams claimed that the agreement was invalid. We note, however, that Williams did not return the $6,000 paid by Shreveport Neon. Thereafter, Shreveport Neon filed a lawsuit seeking specific performance of the lease agreement, damages, and attorney fees.
Following trial, the court rendered judgment in favor of Shreveport Neon, finding that: (1) the lease agreement was valid; (2) Williams caused a disturbance in the use and enjoyment by Shreveport Neon; (3) Shreveport Neon was entitled to damages for the loss of rental income ($18,-200); and (4) Shreveport Neon was entitled to attorney fees ($6,000). The court also |2found that Williams was entitled to the full $12,000 for the lease and awarded Williams the $6,000 not paid by Shreveport Neon.
Williams filed a motion for new trial asserting newly discovered evidence and that the judgment was contrary to the law and evidence. The new trial motion was denied.[2]
Williams now appeals the judgments of the trial court. No answer to the appeal was filed. For the following reasons, we affirm in part and reverse in part.

Discussion

Lease

A lease is a synallagmatic contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay. La. C.C. art. 2668. A lease may be formed orally or in writing. La. C.C. art. 2681. The essential elements of a lease are the thing, the rent, and the consent of the parties. Southern Treats, *980 Inc. v. Titan Properties, L.L.C., 40,873 (La.App.2d Cir.04/19/06), 927 So.2d 677, writ denied, 06-1170 (La.09/15/06), 936 So.2d 1271.
The existence or nonexistence of a lease is a question of fact. Southern Treats, supra. Absent manifest error, an appellate court may not overrule a trial court’s finding of fact. Lirette v. State Farm Ins. Co., 563 So.2d 850 (La.1990).
| ¡¡The thing leased was Williams’ property for the erection of two billboard structures. The price/rent was a one-time payment of $12,000 for a 20-year term.[3] At issue is the legitimacy of Williams’ consent.
Williams argues that the lease terminated immediately since Shreveport Neon was unable to obtain DOTD permits to erect both billboards. This argument is based upon a portion of Article 5 in the lease agreement which states, in pertinent part:
If LESSEE is prevented from constructing advertising structure(s) at the lease premises by reason of any final government law, regulation, order or other action, this lease will terminate immediately.
The clause upon which Williams relies is clearly one that reserved the right of Shreveport Neon (Lessee) to terminate the lease prior to the end of its term if the government prevented it from constructing its advertising structure(s). See La. C.C. art. 2718. The exercise of this right belonged solely to Shreveport Neon. “If the party entitled to this right does not exercise it, then the lease is treated as one with a fixed term.” 2004 Revision Comments (a), La. C.C. art. 2718. Because Shreveport Neon did not exercise its right to terminate the lease, we find that Williams’ argument that the lease terminated immediately is without merit.
Next, Williams asserts that the lease is invalid because the rental price is out of proportion to the value of the thing. It has long been held that the rental price must be serious and not out of proportion to the thing’s value. La. C.C. art. 2675; Arnold v. Board of Levee Com’rs of Orleans Levee District, 366 So.2d 1321 (La.1978). Other than the testimony of Williams’ | .¡neighbor, Mike McGee, stating how much a sign company supposedly offered to pay him in order to put up two billboards, the record does not demonstrate the rental value of Williams’ land for these structures. Billboard signs are not allowed to be within 1000 feet of each other. Thus, Williams stated that because a permit had been given to Shreveport Neon, McGee could not lease his property for such a structure. Williams agreed to invalidate the Shreveport Neon lease in return for a share in any lease McGee obtained. Furthermore, McGee’s testimony did not specify a lease term nor did he provide any details to indicate a binding offer. The evidence presented was speculative, at best, and it fails to support the claim that the price was not serious or out of proportion to the thing’s value. We also note that Williams is a licensed realtor who would have had access to rental valuations.
 Williams contends next that the lease agreement is dissolved due to Shreveport Neon’s failure to pay the rent when due. Lease cancellation is not favored in Louisiana and a lease will only be dissolved when a lessor proves clear entitlement to dissolution. Housing Authority of Town of Lake Providence v. Burks, 486 So.2d 1068 (La.App. 2d Cir.1986). *981 Furthermore, a lessor’s right to dissolve a lease upon the lessee’s failure to pay rent timely is subject to judicial control; as a result, a lessee’s failure to pay rent timely does not automatically require the termination of the lease. Huckabay v. Red River Waterway Com’n, 27,113 (La.App.2d Cir.10/12/95), 663 So.2d 414, writ denied, 95-3007 (La.03/08/96), 669 So.2d 403.
|sIn the case sub judice, the lease agreement stated that the rental had been prepaid, although it had not. Williams specifically questioned Shreveport Neon’s president, Danny Nevels, about this provision. Nevels informed Williams that it only meant that there was no annual or monthly rental fees due, and that Williams would be paid the $6,000 per sign rental once Shreveport Neon received its permits from DOTD. Williams, apparently, was satisfied with this explanation and subsequently signed the lease agreement. Thereafter, upon obtaining a permit from DOTD for one billboard, Shreveport Neon tendered payment in the amount of $6,000 to Williams. A short time after Williams received the initial $6,000, Shreveport Neon informed him that DOTD had denied it a permit for the second billboard. When Williams expressed his displeasure in only receiving $6,000, Nevels informed both Williams and his mother that he would pay them the other $6,000, even though he was only able to obtain one permit. In the following days Nevels attempted to contact both Williams and his mother numerous times in order to facilitate the payment of the remaining $6,000; however, both avoided his attempts to contact them. Accordingly, we do not agree with Williams’ contention that the lease should be dissolved as a result of Shreveport Neon’s failure to pay the full $12,000 when due.
Lastly, Williams argues that the lease is invalid and unenforceable due to error, fraud, or duress. See La. C.C. art. 1948. Williams contends that Nevels misrepresented or suppressed the truth when negotiating the terms of the lease, and further that it is not even plausible that he would Lhave signed a contract for $6,000 per advertising sign if he had known the true value of the signs. Williams, a licensed realtor, has put forth no evidence to show that Nevels made any misrepresentations, nor, as we found previously, has he put forth adequate evidence to prove the true value of the lease. Therefore, we find that Williams failed to prove that his consent was vitiated by fraud, error, or duress.
In light of our above analysis, we find that the trial court did not err by finding that a valid and enforceable lease existed.

Damages and Attorney Fees

In his second assignment of error, Williams argues that the trial court erred by awarding damages and attorney fees to Shreveport Neon. Article 15 of the lease agreement reads:
LESSOR hereby warrants to LESSEE that LESSOR is not aware of any state or local government plans to expand Dixie Shreveport Road, that LESSOR is unaware of any changes in the Caddo Parish ordinances that will prohibit or inhibit the installation, retention, removal, or replacement of a billboard, and LESSOR is unaware of any information of any kind whatsoever that would prevent installation of a billboard or would cause LESSEE to have to remove or modify the billboard. Should LESSOR violate the terms of this paragraph, then LESSOR shall be liable to LESSEE for LESSEE’S damages, and attorney fees.
Under Louisiana law, attorney fees are not allowed except where authorized by special statute or by contract. Maggio v. Robinson, 31,913 (La.App.2d Cir.05/05/99), 741 So.2d 103. Although the lease agreement at issue authorized the awarding of attorney fees if Williams violated the terms of Article 15, we do not find that Williams violated the terms of *982 that provision. Article 15 clearly pertains to Williams’ knowledge at the time of executing the lease agreement — whether he was aware of any governmental |7or other reason at the time of signing the lease agreement that would prevent Shreveport Neon from installing its billboard. We do not see anywhere in the record where it was shown that Williams had such knowledge. Therefore, we find that the trial court’s determination that Williams was liable for Shreveport Neon’s attorney fees of $6,000 was erroneous, and we reverse that award.
Unlike attorney fees, the awarding of damages does not require authorization by special statute or by contract. A lessor who interferes with a lessee’s possession is liable for the damages that result. See Walters v. Greer, 31,480 (La.App.2d Cir.01/22/99), 726 So.2d 1094. In the present case, it is clear that Williams interfered with Shreveport Neon’s possession. Williams refused to allow Shreveport Neon access to the leased premises in order to erect its sign. As a result of this interference, Shreveport Neon suffered damages. The trial court was, therefore, within its discretion when it made a damages determination of $18,200.
Accordingly, we find that the trial court erred in awarding attorney fees, but did not err in awarding damages.

Motion for New Trial

La. C.C.P. art. 1972 states:
A new trial shall be granted, upon contradictory motion of any party, in the following cases:
(1) When the verdict or judgment appears clearly contrary to the law and the evidence.
(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.
| sWilliams contends that his motion for new trial should have been granted because the judgment was clearly contrary to the law and evidence, and/or because of newly discovered evidence. Williams’ contention that the judgment was clearly contrary to the law and evidence is based upon his argument that the lease terminated immediately in accordance with Article 5 of the lease agreement. As we have found that the lease agreement did not terminate immediately upon Shreveport Neon’s failure to obtain a second permit from DOTD, Williams’ argument that the judgment was clearly contrary to the law and evidence is without merit.
Williams’ other argument, that a new trial should have been granted based upon newly discovered evidence, relies upon the affidavit of Sammy Maranto, zoning inspector for the Metropolitan Planning Commission, and a parish zoning ordinance pertaining to the placement of advertising signs. According to Maranto’s affidavit, Shreveport Neon did not apply to the Metropolitan Planning Commission for a sign permit until early 2008. Furthermore, Maranto stated that Shreveport Neon’s proposed sign location falls within a 500-foot prohibition area, as set forth in Caddo Parish Code, Article IX Section 51-1122(c)(7).[4]
While it may be true that Williams discovered the parish zoning ordinance and received the affidavit from Maranto since trial, Williams failed to show why he could not, with due diligence, have obtained this evidence prior to or during trial. Obviously the parish zoning ordinance and the Metropolitan Planning Commission existed before the trial took place.
10Furthermore, even if such an ordinance is applicable to this location, as previously *983 stated herein, the right to terminate the lease upon failure to obtain a government permit was conferred upon Shreveport Neon in the lease, and Shreveport Neon has not chosen to do so. Accordingly, we find that the trial court did not err by denying Williams’ motion for new trial.[5]

Conclusion

For the foregoing reasons, that portion of the judgment of the trial court, finding that a valid and enforceable lease existed between appellant, Ralph Williams, Jr., and appellee, Shreveport Neon Signs, Inc., and awarding damages to appellee, is hereby affirmed. Furthermore, the judgment of the trial court denying appellant’s motion for new trial is also affirmed. The portion of the trial court’s judgment awarding attorney fees, however, is reversed. The costs of this appeal are assessed to the parties equally.

. At Williams’ direction this money was paid to Williams' mother, Hylena Badgley.

. The initial trial was presided over by Judge Charles Scott. Due to Judge Scott's retirement, however, the motion for new trial was presided over by Judge Scott Crichton.

. Although the agreement did not state the price (rent), the parties agreed that it was $12,000.

. An off-premises outdoor advertising sign is not allowed within 500 feet of 1-220.

. In the instance that the zoning ordinance is applicable to Shreveport Neon’s proposed site, we understand that it may have affected whether Shreveport Neon received damages. We note, however, that in addition to failing to show why this evidence could not have been discovered before or during trial with due diligence, Williams failed to prove that Shreveport Neon would not have been able to erect its billboard at another site on Williams’ property.