SCHOTT, Judge.
This case involves the trial court’s granting of plaintiffs’ motion for summary judgment and denial of defendant’s in the enforcement of the provisions of a lease between the parties based upon facts that are virtually uncontested. The issue is whether the existence of differing interpretations of the lease is equivalent to a genuine issue of material fact so as to preclude summary judgment.
Defendant was the sublessee of the premises at 735 Bourbon Street in New Orleans and plaintiffs were the sublessors and principal lessees. The monthly rent was $3,000. In April 1985 the premises were destroyed by fire. The sublease contained the following:
If through no fault, neglect or design of Lessee, the Premises are destroyed by fire or other casualty, and provided that at the time of such damage or destruction there exists no uncured default by Lessee under this Lease, the following obligations to repair and/or reconstruct shall apply:
(a) If the cost to repair the damage, including architect’s fees, surety bond, etc., does not exceed $200,000, as estimated by an architect licensed in the State of Louisiana selected by Lessor, Lessor shall repair the damage as expeditiously as possible after determination and collection of the award from the insurance underwriter.
(b) In the event that the cost to repair and/or restore the damage shall exceed the sum of $200,000, ... If any bid acceptable to Lessor shall be equal to or less than the amount of the award received from the insurance underwriter ... Lessor shall repair the damage as expeditiously as possible after determination and collection of the award from the insurance underwriter. However, if the price of any bid acceptable to Lessor shall exceed the amount of the award received from the insurance underwriter ... Lessor shall not be required to repair and/or restore such damage unless, within ten (10) days after notice from Lessor to Lessee of such acceptable bid price, *1211 Lessee shall deposit with Lessor the difference between the contract price for such repair and/or restoration and the net insurance award. In the event Lessee fails to deposit such amount within ten days (10) days after written notice from Lessor, Lessor shall have the option to cancel this lease by giving Lessee (10) days written notice. In the event that repair and/or reconstruction of the damage shall be undertaken, this Lease shall not be cancelled, and Lessee shall be entitled to a proportionate reduction or remission of the rent until such damage has been repaired, but only to the extent that the rental insurance required to be paid under the term of this Lease shall indemnify Lessor for the amount of rent to be abated.
Defendant paid rent from May until September, 1985 totaling $15,000. In January, 1986 defendant was notified that the cost of repairing the premises would exceed the insurance award by $142,243.92 and he was called upon to deposit this amount in accordance with the sublease. He declined to do so and plaintiffs exercised their option to cancel the lease. Defendant was evicted in March, 1986 and plaintiffs claimed rent in the suit for $18,000 for the period from October, 1985 through March, 1986. Defendant reconvened for a refund of the $15,000 he paid for the period from May through September, 1985. Both parties filed motions for summary judgment. The trial court granted plaintiffs’ motion and denied defendant’s.
In this court and in the trial court, defendant argued that his obligation to pay rent was terminated after the premises were destroyed by fire based upon LSA-C.C. art. 2697 which provides in pertinent part:
“If, during the lease, the thing be totally destroyed by an unforeseen event. ... the lease is at an end ...”
Defendant also argues that summary judgment is inappropriate because the meaning of the fire clause is disputed. Defendant argues finally that he was acting for a partnership when he entered into the sublease so that the trial court erred in awarding a judgment for the rent against him personally.
Defendant’s first assignment based on art. 2697 has no merit because that article is applicable only where there is no lease agreement to the contrary. Paul v. Adams, 338 So.2d 968 (La.App. 4th Cir.1976). In the present case the parties by adopting the fire clause clearly intended to avoid automatic termination of the lease in the event of destruction of the premises by a fire. Furthermore, the course of action to be followed was also described with clarity.
Once it was determined that the cost of restoration would exceed $200,000, and both sides agree this was the case here, it was understood that an architect would prepare plans and specifications and these would, in turn, be put out for bids by contractors. This is precisely what occurred in this case and in January defendant was notified as to the amount he was required to pay if he elected to continue as the lessee.
Defendant’s argument that plaintiffs allowed an unreasonable period of time to pass before notifying him of the amount he would be required to pay for restoration is not supported by an affidavit or other document. On the contrary, the defendant paid rent for the first five months, indicating a clear intent to retain the lease, and waited without complaint or protest for another three months while the plaintiffs developed the information required by the lease to enable defendant to make a decision as to whether he would pay his share of the cost to restore the premises and retain his lease. The lease provides that the failure of the lessee (defendant) to deposit his share of the costs of restoration gives the lessor (plaintiffs) the option to cancel the lease. The clear meaning is that defendant is still bound by the lease until and unless the plaintiffs opted to cancel, thereby releasing defendant of his obligation.
Defendant’s last argument that he was acting in a representative capacity when he took the lease is rebutted by the lease itself which names Charles J. Napoli *1212 as the lessee. He alone signed as lessee, An addendum and an amendment indentify him as the lessee. No partnership is mentioned anywhere. Any agreement he may have had with others as to involvement in the lease cannot vary the terms of the lease with respect to his lessors. We note that defendant has a third party demand pending against those he alleges he was representing. This claim is not adversely affected by the trial court’s action on the summary judgment.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.