CHEHARDY, Chief Judge.
The lessee, Dr. J. Wes Stucki, d/b/a The Back Store, appeals a grant of summary judgment which awarded the lessor, BP Venture, rent due on the written lease agreement that the lessee breached. The lessor cross-appealed for an award of interest, costs and fees. We affirm the summary judgment awarding rent due and amend to award the lessor its expenses.
In October 1985 Dr. Stucki executed a lease with BP Venture for the rental of commercial premises in Belle Promenade Shopping Center for use as a chiropractic clinic. The lease provided for a 3-year term, commencing November 1, 1985 and ending December 31, 1988, with a monthly rental fee of $2,000 plus a proportionate share of operating and maintenance costs.
Dr. Stucki neglected to pay the monthly rent or assessments beginning January 1, 1987, though he or his business continued to occupy the leased premises. On February 2, 1987, he ceased business operations and vacated the leased premises, removing all equipment and inventory, without notice to BP Venture. BP Venture notified Dr. Stucki that his failure to pay rent was a breach of lease agreement. Dr. Stucki failed to cure the default. The lessor’s suit for accelerated rent ensued.
At the motion for summary judgment the lessor introduced the affidavit of Don Wiggins, representative of its leasing agent, attesting to Dr. Stucki’s nonpayment of rent and abandonment of the premises, and to BP Venture’s demand for, and calculation of, rent due. It submitted the lease, the demand letter, and the correspondence stating that, as lessor, it would not grant Dr. Stucki the exclusive right to conduct spinal screenings at the mall. Dr. Stucki did not deny his failure to pay rent or his abandonment of the premises. Instead by memorandum and affidavit he opposed the motion, arguing extant material issues of fact.
The district court found no material facts at issue. It rendered judgment in favor of the lessor for $66,804.48 in monthly rent and assessments. On appeal Dr. Stucki urges that material fact issues compel our reversal of the district court judgment. We find that the district judge was correct.
Summary judgment is properly granted when mover shows that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. LSA-C. C.P. art. 966. Mover’s argument and supporting evidence are closely scrutinized to determine that he has met this burden. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The opposing party’s pleadings, affidavits and exhibits are treated indulgently; inferences drawn from subsidiary facts are viewed in his favor. The motion for summary judgment must be granted when reasonable minds must inevitably conclude that mover is entitled to judgment on the facts before the court. Lucey v. Harris, 490 So.2d 416 (La.App. 5 Cir.1986), writ denied 496 So.2d 327 (La.1986).
A lessor is obliged to let the premises and to maintain them in a reasonable condition. LSA-C.C. art. 2692. A lessee is bound to pay rent at the terms agreed upon. LSA-C.C. art. 2710. The failure of either party to honor his obligation gives rise to a claim. LSA-C.C. art. 2729. In this suit the lessor sought to enforce the lease. The issue in the district court was whether the lessee, Dr. Stucki, had breached the agreement by failing to pay rent and abandoning the premises such that the lessor could recover damages in the form of all rent due.
BP Venture’s argument and supporting documents resolved all genuine fact ques *463 tions. Mover showed that the lease was breached and the rent was due. The burden of proof then shifted to the lessee to present evidence to show that material facts were still at issue. At this point he could no longer rest on the allegations and denials contained in his pleadings. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980). He was obliged to respond by setting forth specific facts showing the presence of a genuine issue for trial. LSA-C.C.P. art. 967. By his opposition motion and affidavit Dr. Stucki did not meet this requirement.
Lessee did not deny or contest the allegation that he failed to pay the rent due. By affidavit Dr. Stucki testified that: (1) he had no recollection of receiving a notice of default from BP Venture; (2) he was given an oral representation by officials of BP Venture that The Back Store would have exclusive rights to conduct spinal screenings and that others were allowed to do those screenings; (3) the damage calculations of the lessor were inaccurate. These protestations are insufficient to raise a reasonable doubt against the grant of the motion for summary judgment. Lucey, 490 So.2d at 418.
In this instance, notice of default was not required by law. LSA-C.C. arts. 1989-1991. In accordance with the lease terms, BP Venture sent a certified letter on April 2, 1987 notifying Dr. Stucki of his rent arrearage and default on the lease. The return receipt reflects that the letter was received and accepted at Dr. Stucki’s business address. Dr. Stucki’s statement that he could not recall receiving the demand letter does not establish a genuine triable issue. Bally Case & Cooler, Inc. v. I.A. Kramer Service, Inc., 252 So.2d 559 (La.App. 4 Cir.1971).
Dr. Stucki next argues that BP Venture reneged on its agreement granting him the exclusive right to conduct spinal screenings of mall customers. As a defense to the nonpayment of rent or as an attempt to create a genuine fact issue the allegation falls short. Some discussion of an exclusivity contract predated the lease. No agreement was reduced to writing; the lease itself contains no exclusivity provision. BP Venture’s affiant Mr. Wiggins stated that no exclusive agreement was reached. Lessor’s post-lease letter to Dr. Stucki documents this assertion. In response there is only Dr. Stucki’s assertion that “he was given an oral representation by officials of BP Venture_” Even indulging Dr. Stucki we find that at the least the statement is inadmissible hearsay. Ruschel v. Wesbak Park, 466 So.2d 584 (La.App. 5 Cir.1985). At the most it admits of no specific fact showing a genuine issue for trial. LSA-C.C.P. art. 967. Lessor’s proof that Dr. Stucki failed to pay rent and breached the lease remains unchallenged.
Dr. Stucki’s affidavit thirdly contests the accuracy of BP Venture’s claimed damages, yet provides no authority to show that the calculations are incorrect or that the rents are not owed. Lessee offers no specific facts to support the argument or to rebut lessor’s proof. His allegation, lacking in substance, does not create a material fact issue. Equipment, Inc. v. Anderson Petroleum, Inc., 471 So.2d 1068 (La.App. 3 Cir.1985); accord, Chatman v. Thor Offshore Boat Service, Inc., 410 So.2d 784 (La.App. 4 Cir.1982), writ denied 414 So.2d 389 (La.1982).
Nor do we subscribe to the contention that BP Venture was obligated to mitigate its rent loss by releasing the premises after Dr. Stucki’s abandonment. Had the lessor in fact taken another tenant, it might suffer an offset against rent due from Dr. Stucki for the unexpired term of the lease. However, lessee here provides no proof that BP Venture did re-lease the space or that such a course of action was economically possible. The allegation, devoid of substance, does not equal a material issue of fact.
Our jurisprudence reflects that the mere allegation of a fact in the pleadings, as opposed to proof to the contrary, will not ordinarily be sufficient to show that a genuine issue of material fact exists. Friar v. Caterpillar, Inc., 529 So.2d 509 (La.App. 5 Cir.1988), writ denied 532 So.2d 178 (La.1988). In granting the lessor summary *464 judgment for the accelerated rent, the district judge necessarily found that all triable issues were resolved and that the lessor was legally entitled to judgment. In our view his assessment was correct. The lessee’s argument in opposition to the trial motion and on appeal raises no genuine fact issues. Jones v. City of Kenner, 442 So.2d 1242 (La.App. 5 Cir.1983).
In addition to recovery of rent, BP Venture as cross-appellant is entitled to an award of interest from the date of judicial demand, costs and attorney’s fees of $2,500. Keever v. Knighten, 532 So.2d 826 (La.App. 4 Cir.1988), writ denied 533 So.2d 381 (La.1988).
DECREE
For the reasons assigned herein, the award in favor of BP Venture of $66,804.48 in rent is affirmed. The judgment is amended to award the lessor interest from the date of judicial demand until paid, costs and attorney’s fees of $2,500. Costs of the appeal are assessed against Dr. Stucki.
AMENDED AND AFFIRMED.