EDWARD A. DUFRESNE, JR., Chief Judge.
 

 12This is an appeal by Karim Toursarkis-sian, M.D., defendant-appellant, from a summary judgment on a lease in favor of Meadowcrest Professional Building Partnership (MPBP), plaintiff-appellee. For
 
 *556
 
 the following reasons we amend and affirm the judgment for back rent, but remand the matter to the district court to reconsider the award of attorney fees.
 

 The facts are as follows. In 2001, plaintiff and defendant entered into a one year lease for office space in plaintiffs building for $2,847.25 per month. In September, 2003, parties renewed the lease on the same terms for an additional five years. On May 1, 2005, Dr. Toursarkissian abandoned the premises. He represents in his brief here that he had then decided to move his practice from Gretna to California. On June 7, 2005, MBPB filed the present action to enforce the lease. On October 12, defendant filed an answer generally denying the allegations of the petition and asserting the affirmative defenses of “force majeure and that plaintiff failed to mitigate” its damages.
 

 |3PIaintiff then filed a motion for summary judgment. Attached to this motion was a copy of the original lease, a statement of uncontested material facts, and an affidavit by the property manager of MPBP. These documents establish clearly that he defendant entered into the lease and then abandoned the premises as represented in plaintiffs petition.
 

 In response to this motion defendant filed a brief asserting again the defenses of failure to mitigate damages and termination of the lease due to Hurricane Katrina. He did not refute or otherwise question any of the facts set forth in plaintiffs papers.
 

 Summary judgment of $31,800.07 was entered in plaintiffs favor representing back rent from May 1, 2005 to May 31, 2006, minus rent for the two months following the hurricane when the building was inaccessible, plus 33 1/3 in attorney fees. Defendant urged a motion for a new trial which was denied. This devolutive appeal followed.
 

 Appellant first argues that Hurricane Katrina was an event which “substantially impaired” the use of the premises, and therefore under La. Civ.Code. Art. 2715, he was entitled to dissolution of the lease. Plaintiff admits that during the months of September and October, 2005, the building was inaccessible due to the aftereffects of the storm. However, defendant did not assert at the summary judgment that the premises were damaged in any way. Rather, he only argued, with no supporting affidavits or other cognizable evidence, that the business climate in the area was so eroded after the storm as to render a medical practice at the location untenable.
 

 In this court’s opinion, even accepting defendant’s assertion about the negative business climate as true, this is not the type of situation to which Art. |42715 applies. To rule otherwise would be to make the enforceability of leases dependent on the vagaries of the marketplace, and this we decline to do.
 

 Appellant next argues that plaintiff failed to mitigate its damages and therefore should not be allowed to recover back rent. He acknowledges that in
 
 BP Venture v. Stucki,
 
 562 So.2d 461 (La.App. 5th Cir., 1990), this court held that a lessor has no duty to mitigate damages when a lessee abandons the premises. He argues that this ruling should be reconsidered. We decline to do so on the facts of this case and thus reject this assignment of error as well.
 

 The third error urged by appellant is that the lease submitted with plaintiffs motion for summary judgment was in fact the first one year lease, rather than the second five year lease actually sued upon, and therefore that it failed to show that
 
 *557
 
 there were no material facts in dispute. While we agree that the document submitted was not the lease at issue, we nonetheless note that all of the facts necessary to sustain the summary judgment were contained in plaintiffs list of uncontested material facts and in the affidavit of its property manager and none of these facts were contested by defendant. In these circumstances the failure of plaintiff to attach the proper lease is of no consequence.
 

 However, in regard to attorney fees the district court simply adopted the 33 1/3% figure without further inquiry. This procedure was contrary to the holding in
 
 Saucier v. Hayes Dairy Products, Inc.,
 
 373 So.2d 102 (La.1978). We therefore set aside the award of attorney fees and remand the matter to the district court to reconsider this item in light of the above case.
 

 We finally note that plaintiff points to a mathematical error in appellant’s favor in the calculation of the judgment amount. We therefore amend the judgment to $31,319.75 as requested by plaintiff.
 

 |BFor the foregoing reasons the judgment is amended to $31,319.75, and as amended, affirmed. The award of attorney fees is set aside and the case is remanded to the district court for further proceedings consistent with this opinion.
 

 AFFIRMED IN PART, SET ASIDE IN PART, AND REMANDED.